(134 App. Div. 383.)

PREUSSE v. CHILDWOLD PARK HOTEL CO.

(Supreme Court, Appellate Division, First Department. November 5, 1909.)

1. LIMITATION OF ACTIONS (§ 72*)—PERSONAL INJURIES—INFANCY.

Under Code Civ. Proc. § 383, subd. 5, providing that an action for negligent personal injury must be brought within three years after the accrual of the cause of action, and section 396, providing that the time of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the disability of infancy is not a part of the time limited for commencing the action, except that the time so limited cannot be extended more than one year after the disability ceases, an infant, reaching full age before the three-year limitation has expired, must commence his action for a personal injury either before the expiration of that period, or within one year after reaching full age, and the statutes do not add a year to the regular period of limitation, as the running of the period of limitation and the running of the year allowed by statute are concurrent.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 390, 391; Dec. Dig. § 72.*]

2. TRIAL (§ 109*)—DISMISSAL ON OPENING BY COUNSEL.

Where plaintiff's counsel, in opening his case to the jury, discloses that the action is barred by the statute of limitations, as pleaded in the answer, the complaint is properly dismissed.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 367; Dec. Dig. § 109.*]

Appeal from Trial Term, New York County.

Action by Annie D. Preusse against the Childwold Park Hotel Company. From a judgment dismissing the complaint, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, LAUGHLIN, and SCOTT, JJ.

Frank M. Hardenbrook, for appellant.
Albert Stickney, for respondent.

McLAUGHLIN, J. At the trial the complaint was dismissed upon the pleadings and upon the opening of plaintiff's counsel, upon the ground that the action was barred by the statute of limitations, and plaintiff appeals.

The action was brought to recover damages for personal injuries alleged to have been sustained on July 8, 1903, by reason of defendant's negligence. The plaintiff, at the time she was injured, was 18 years, 10 months, and 7 days old. The action was commenced February 28, 1907—3 years, 7 months, and 20 days after the cause of action accrued. An action to recover damages for personal injuries resulting from negligence must be brought within 3 years after the cause of action accrues (Code Civ. Proc. § 383, subd. 5); but if the person entitled to maintain such an action is, at the time when the cause of action accrues, within the age of 21 years, then the time of such disability is not a part of the time limited for commencing the action, except that the time so limited cannot be extended more than 5 years by any such disability, except infancy, or in any case more than 1 year after the disability ceases. Section 396, Code Civ. Proc. The plaintiff, having reached the age of 21 years before the 3-year limitation had expired, was required to commence her action either before the expiration of that period or else within 1 year after she attained her majority. Hyland v. N. Y. Cen. & H. R. R. Co., 24 App. Div. 417, 48 N. Y. Supp. 416.

On August 31, 1905, the day the plaintiff became 21 years of age, the 3-year statute of limitations had nearly 10 months to run against her claim—until July 8, 1906. The 1-year extension allowed by the

statute from the date of termination of her disability would have extended the time within which she might commence an action until August 31, 1906. The action, as stated, was not commenced until February 28, 1907, over 7 months after the expiration of the 3-year period, and 6 months after the expiration of the 1-year extension. The period of limitation must be computed from the time of the accruing of the right to relief by action. Section 415, Code Civ. Proc. The language of the statute is plain. It is:

"The time so limited cannot be extended * * * in any case more than one year after the disability ceases."

I do not see how there can be any serious question as to what the Legislature intended. Its purpose was to give a minor who had a cause of action a reasonable time after he became of age to commence an action to enforce it. It did not intend to add a year to the regular period of limitation, where the running of the period of limitation and the running of the year allowed by statute are concurrent. Here, when the plaintiff commenced her action, the 3-year limitation had expired, as had also the year allowed as an extension after she became of age. The statute of limitations pleaded, therefore, was a complete defense; and, the facts having been stated in the opening of plaintiff's counsel, the complaint was properly dismissed.

The judgment and order appealed from, therefore, are affirmed, with costs. All concur.