In the Matter of the Claim of WILLIAM P. McKEE, Respondent, against CHARLES WHITE and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 11, 1926.

Workmen's compensation — claimant elected to sue third person but failed to prosecute action and it was dismissed — claimant then proceeded before State Industrial Board — Statute of Limitations had run against action against third person before insurance carrier learned of dismissal — accident occurred September 18, 1922 — claimant reached majority April 1, 1924 — Civil Practice Act, § 60, did not extend period of limitation beyond three years specified in Civil Practice Act, § 49 — insurance carrier was prejudiced and rights of subrogation under Workmen's Compensation Law, § 29, sacrificed by action of claimant — claimant estopped from asserting claim.

The claimant, who suffered an injury September 18, 1922, is estopped from asserting his claim against the insurance carrier, since it appears that he elected to sue a third person claimed to be responsible for the injury, but failed to prosecute the action which was dismissed for default on May 14, 1925, and before the insurance carrier knew of the dismissal of the action the Statute of

Limitations had run against the claimant, and, therefore, the insurance carrier's rights of subrogation, under section 29 of the Workmen's Compensation Law, were lost.

While the claimant was an infant at the time the accident occurred, the three-year Statute of Limitations, provided by section 49 of the Civil Practice Act, applies, for it appears that he attained his majority more than one year before the expiration of that period, and, therefore, section 60 of the Civil Practice Act did not extend the period of limitation beyond three years from the date of the accident.

APPEAL by Charles White and another from an award of the State Industrial Board, made on the 19th day of February, 1926.

*E. C. Sherwood [William B. Davis of counsel], for the appellants.*

*Albert Ottinger, Attorney-General [E. C. Aiken, Deputy Attorney-General, of counsel], for the State Industrial Board.*

VAN KIRK, J. Claimant was injured on the 18th day of September, 1922. He claimed he received his injury by reason of the negligence of a third party. He filed an election to pursue his remedy against this third party and began the action. The case was regularly on the calendar for trial, but, no one appearing for the plaintiff, on May 14, 1925, the action was dismissed for default. Claimant then pressed his claim before the Industrial Board and the award appealed from was made on February 19, 1926, with findings made on June 25, 1926.

By reason of claimant's election to sue the third party and failure to prosecute the action he brought, the carrier has been deprived of a substantial right, which but for the election it would have had, namely, its right of subrogation to claimant's remedy against the third party. (Workmen's Compensation Law, § 29, as amd. by Laws of 1924, chap. 499.) The carrier could not be subrogated to claimant's remedy while claimant's election was in force and his action was pending; and the Statute of Limitations had run against that action on September 18, 1925, and before the carrier knew that claimant's action was dismissed. The difference of opinion as to the running of the statute arises from the fact that the claimant was a minor when his cause of action arose. The evidence does not show the date of claimant's birth, but he testified on April 1, 1926, that he was then twenty-three years of age. He was, therefore, twenty-one years of age on or prior to April 1, 1924. The time limited for bringing actions to recover damages for personal injuries resulting from negligence is three years. (Civ. Prac. Act, § 49.) Since claimant was a minor when his cause of action accrued, the time of his disability is not a part of the time limited for beginning the action, " except that the time so limited cannot be extended    *    *    *    more than one year after the

disability ceases." (Civ. Prac. Act, § 60.) The claimant reached his majority more than one year before the period limited in the statute for beginning his action against the third party. The infancy then does not extend the three-year period. The claimant, having reached his majority before the three-year limitation had expired, was required to commence his action either before the expiration of that period, or within one year after he attained his majority, whichever would be the longer period. (*Preusse* v. *Childwold Park Hotel Company*, 134 App. Div. 383; *Matter of Rogers*, 153 N. Y. 316, 321.)

We think the appellants' rights have been sacrificed and that the claimant is estopped from asserting a claim for compensation against them.

The award should be reversed and the claim dismissed, with costs.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.