## In re GIBBS.

### (214 N. W. 850.)

(File No. 6556. Opinion filed July 19, 1927.)

1. **Attorney and Client — Portion of Application for Disbarment Charging Gross Immorality Held Too Vague.**

In disbarment proceedings, portion of application for disbarment charging that the attorney had been guilty of gross immorality held too vague and indefinite to be considered.

2. **Evidence—Supreme Court Takes Judicial Notice that Population of City of Sioux Falls for a Considerable Number of Years Has Exceeded 15,000 Persons.**

It is a matter of judicial knowledge to the Supreme Court that the population of the city of Sioux Falls exceeds 15,000 persons, and has done so for a considerable number of years.

3. **Evidence—Supreme Court Takes Judicial Notice that Municipal Court of Sioux Falls Is Court of Record.**

It is a matter of judicial knowledge to the Supreme Court that the municipal court of the city of Sioux Falls is a court of record.

4. **Evidence—Supreme Court Judicially Knows that Judge of Municipal Court of Sioux Falls Was Forbidden by Statute to Practice for More Than Five Years Before July 1, 1927, and Subsequent to July 1, 1927, with Exceptions (Rev. Code 1919, § 5211; Laws 1927, c. 178).**

It is a matter of judicial knowledge to Supreme Court that the judge of the municipal court of the city of Sioux Falls was forbidden for more than five years prior to July 1, 1927, by Rev. Code 1919, § 5211, to practice in any court of the state, and was forbidden subsequently to July 1, 1927, by Laws 1927, c. 178, to practice in any court of the state, except that he might act as counsel in certain proceedings in county court.

5. **Attorney and Client—Supreme Court Has Broad and Inherent Power over Attorneys, Resting Very Largely in Its Sound Discretion.**

The Supreme Court has a broad and inherent power over the attorneys whom it admits to practice, and the exercise of this power rests very largely in its sound discretion.

6. **Attorney and Client—Where Application for Disbarment of Attorney in Reality Sought His Removal from Office of Municipal Judge, and .Extraordinary or Unusual Circumstances Were Lacking, Held that Proceeding Should Be Dismissed (Rev. Code 1919, §§ 5208, 5211; Laws 1927, c. 178; Const. art. 16, §§ 3, 4).**

In proceedings to disbar an attorney at law, where the application showed that the acts complained of were not committed as attorney at law, but as judge of · municipal court, acting under Rev. Code 1919, § 5211, forbidding him to practice prior to certain date, and Laws 1927, c. 178, forbidding him to practice subsequent thereto, with exceptions, and showed that the real object was to remove him from the office of municipal judge, and there were no extraordinary or unusual circumstances, held that the proceeding should be dismissed under Const. art. 16, § 3, providing for removal by impeachment of certain officers, section 4 providing for removal of officers not liable to impeachment, and Rev. Code 1919, § 5208, providing for removal of judges of municipal courts.

Note.—See, Headnote (1), American Key-Numbered Digest, At-' torney and Client, Key-No. 52, 6 C. J. Sec. 69; (2) Evidence, Key-No. 12, 23 C. J. Sec. 1987; (3) Key-No. 40, 23 C. J. Sec. 1907; (4) Key-No. 29, 23 C. J. Sec. 1947; (5) Attorney and Client, Key-No. 36(1), 6 C. J. Secs. 37, 38, 93; (6) Key-No. 45, 6 C. J. Sec. 60.

On procedure and forms in quo warranto, see Bancroft's Code Practice and Remedies, Vol. 5, pg. 5365.

In the matter of the disbarment of Ransom L. Gibbs. Proceeding dismissed.

CAMPBELL, P. J. There was received in the office of the clerk of this court, on July 15, 1927, by United States mail in a plain manila envelope, bearing no return card, postmarked from Sioux Falls, S. D., a document entitled "Application for Disbarment of Ransom L. Gibbs," which document was and is in the words and figures following:

"State of South Dakota, County of Minnehaha—ss.:

"We, the undersigned, citizens and electors of the city of Sioux Falls, Minnehaha county, S. D., on our oath inform the court:

"That the said Ransom L. Gibbs is an attorney at law, duly licensed to practice in the courts of the state of South Dakota, and that for a period of four years next prior to the 1st day of May, 1927, he was the judge of the municipal court within and for the city of Sioux Falls, S. D., and that as such judge he violated his oath of office and his oath as an attorney at law and the ethics of his profession, in that he promised and agreed to bestow judicial favors upon certain lawyers and to throw them business by virtue of his office in return for their serving for him as judge of the municipal court during his absence from the city or when he was disqualified.

"In support of the foregoing charge, petitioners refer the honorable court to the sworn testimony of the said Ransom L. Gibbs as made during the trial of case of H. I. Loffer against the said Ransom L. Gibbs, which case was tried in the January term, 1927, of the circuit court of Minnehaha county, S. D., and refer the court to the official transcript of the testimony in that case, which transcript shows that the said Ransom L. Gibbs stated that he had promised said H. I. Loffer to send him business which he controlled on account of his position as such judge of the municipal court.

"Your petitioners further state that they verily believe that the said Ransom L. Gibbs made a similar agreement with one Hugh S. Gamble, an attorney at law in the city of Sioux Falls, S. D., and that the records of the municipal court of the city of Sioux Falls, S. D., show that the said Hugh S. Gamble frequently did sit and act for the said Ransom L. Gibbs, as judge pro tem, and that the records further show that the said Hugh S. Gamble was frequently appointed to defend indigent persons charged with crimes against the state of South Dakota and with violations of the ordinances of the city of Sioux Falls, and that the persons whom he defended received unusually light sentences, and that the said Hugh S. Gamble frequently secured remission of fines and recommendations of the judge for pardon for persons convicted of violations of city ordinances, and that it was concurrently rumored and known by the lawless element that favorable treatment would be received by them if they employed the said Hugh S. Gamble as their attorney.

"In support of the foregoing charge, the petitioners call attention to the case of the State of South Dakota v. Henry Rauch, in which the said defendant was found guilty of the crime of having liquor in his possession, and sentenced to imprisonment in the county jail and to pay a fine; that at the time of his sentence his wife was about to be confined, and was without help of any kind, and that through his attorney he pleaded with the court to grant him a stay of commitment for 30 days in order that he might be at home with his wife during her hours of travail and confinement; that such request was summarily refused by the said Ransom L. Gibbs, but, upon a monetary consideration being paid to the said Hugh S. Gamble, and the same request being made by him, a stay of commitment was immediately granted by said Ransom L. Gibbs.

"That one 'Dutch' Kissel, a notorious bootlegger, upon employing Hugh S. Gamble and entering a plea of guilty to the crime of having intoxicating liquor in possession contrary to the provisions of the city ordinances, was given a light sentence of $200 fine and no imprisonment, although he had been convicted on similar charges several times before.

"That on the 30th day of April, 1927, one Verne Marshall, a notorious bootlegger, who had on several occasions been con-

victed of violating the liquor laws, and who was at this time represented by Hugh S. Gamble, entered his plea of guilty to violating the city ordinances of the city of Sioux Falls by having intoxicating liquor in his possession, and was sentenced to pay a fine of $100 by said Ransom L. Gibbs, and no imprisonment was meted out, although the said Ransom L. Gibbs had on a previous occasion, when the said Verne Marshall was represented by other counsel, sentenced the said Verne Marshall to serve the maximum time of imprisonment, and to pay the maximum fine under the law for a similar offense.

"That there are many similar cases disclosed by the records of said court, and all showing that the said Ransom L. Gibbs, in violation of his oath of office and his oath as an attorney, was in this manner paying a personal debt to the said Hugh S. Gamble.

"Your petitioners further state that they are informed and verily believe that the said Ransom L. Gibbs has been guilty of gross immorality, and that evidence thereof can be secured if proper investigations are made, but that petitioners do not have the time nor opportunity to make such investigations.

"Wherefore, petitioners pray that proceedings be taken by the court to investigate the conduct of the said Ransom L. Gibbs and to determine as to his fitness as an attorney and an officer of the courts of the state of South Dakota.

                             "A. G. Krogness.
                             "Mrs. Lillian Adams.
                             "Mrs. Grace Cavanaugh.

"State of South Dakota, Count yof Minnehaha—ss.:

"The undersigned, each being first duly sworn, depose and say that they have read the within and foregoing application and know the contents thereof; that the same is true of their own knowledge, except as to matters therein stated on information and belief, and as to those matters they believe it to be true.

                             "A. G. Krogness.
                             "Mrs. Lillian Adams.
                             "Mrs. Grace Cavanaugh.

"Subscribed and sworn to before me this 13th day of July, 1927.

     "[Notarial Seal.]

                       "Odean Hareid, Notary Public."

This document was unaccompanied by any letter of transmittal or other communication, but presumably was forwarded to the clerk by one or more of the individuals who appear to have signed it.

As recited in this application for disbarment, Ransom L. Gibbs is an attorney duly licensed by this court, and for a period of approximately four years prior to May 1st, 1927, was and is now the judge of the municipal court in the city of Sioux Falls in this state.

[1] The next to the last paragraph of the application for disbarment, referring to "gross immorality," is so vague and indefinite that it does not even rise to the dignity of an accusation, and is entitled to no consideration whatsoever.

The substance of the only charges contained in the application for disbarment, which are sufficiently definite to be possible of any consideration, is that the said Ransom L. Gibbs, during the perior of four years prior to May 1, 1927, while he was municipal judge as aforesaid, and as such judge, improperly promised and and agreed to, and did, bestow judicial favors upon and influence the placing of business with two licensed attorneys in Sioux Falls, S. D., in consideration that said attorneys would from time to time, without charge or other compensation, sit as judge of his court in his stead during occasional absences from the city, or in cases where he was disqualified.

[2, 4] The application for disbarment affirmatively shows and recites that the acts complained of were not committed by the said Ransom L. Gibbs in his capacity as an attorney at law, but in his judicial capacity, and after he went upon the bench. This court takes judicial notice that the population of the city of Sioux Falls exceeds, and for a considerable number of years has exceeded, 15,000 persons, and that the municipal court of the city of Sioux Falls in a court of record, and that for more than five years prior to July 1, 1927, the judge of said court was forbidden by law (section 5211, R. C. 1919) to practice in any court of this state, and subsequently to that date, by virtue of chapter 178, Laws of 1927, he is forbidden to practice in any court of this state, "except that he may act as counsel in uncontested, probate, guardianship and adoption proceedings in county court." It is also to be noted that subsequently to the decision of this court in

Gibbs v. Bergh, 51 S. D. —, 214 N. W. 838, the said Ransom L. Gibbs has been declared by the governing body of the city of Sioux Falls elected to the position of municipal judge in that city for the further period of four years, and has qualified, and is now acting, as such judge.

It is entirely apparent, therefore, that the said Ransom L. Gibbs is not in fact engaged in practicing as an attorney in the courts of this state, in any sense in which those words are generally accepted and understood, and has not been so engaged for some four years, last past, and during the term of office upon which he has now entered cannot lawfully so engage, except in the extremely restricted fashion permitted by chapter 178, Laws 1927. And, in view of all these facts and circumstances, we cannot escape the conclusion that the filing of this so-called application for disbarment is not an effort in good faith and for the protection of the public to prevent an improper person from holding himself out to the public and from practicing in the courts of this state as an attorney at law, but is in fact neither more nor less than an effort to prevent the said Ransom L. Gibbs from holding the office of judge of the municipal court of the city of Sioux Falls.

Sections 3 and 4, art. 16, Constitution of South Dakota, read as follows:

"Section 3. The Governor and other state and judicial officers, except county judges, justices of the peace and police magistrates, shall be liable to impeachment for drunkenness, crimes, corrupt conduct, or malfeasance or misdemeanor in office, but judgment in such cases shall not extend further than to removal from office and disqualification to hold any office of trust or profit under the state. The person accused whether convicted or acquitted shall nevertheless be liable to indictment, trial, judgment and punishment according to law.

"Section 4. All officers not liable to impeachment shall be subject to removal for misconduct or malfeasance or crime or misdemeanor in office, or for drunkenness or gross incompetency, in such manner as may be provided by law."

Section 5208, Revised Code 1919, referring to judges of municipal courts in this state, reads in part as follows:

"* * * Such judge may at any time, after due hearing, be removed by the governor upon the complaint of any citizen or bar association of the state, for any cause which would be sufficient to disbar such judge from the practice of law in the courts of this state, for misconduct in office, for gross incapacity, or for habitual intemperance; but the action of the Governor may be reviewed, affirmed or reversed by the Supreme Court of the state, and the practice and procedure of such review shall be prescribed by such Supreme Court. If any judge shall be disbarred from the practice of law in the courts of this state, such disbarment shall ipso facto work his removal from the office, and a vacancy shall be deemed to exist."

Whether a judge of municipal court in this state is subject to impeachment under section 3, art. 16, of the Constitution above quoted, and whether the provisions of section 5208, Revised Code 1919, providing for removal of a municipal judge by trial before the Governor, are in conflict with the constitutional provisions above quoted, are questions which are not before us at this time, and need not be determined. In any event, it is clear that the laws of this state make specific provision for the removal of a municipal judge in proper case, whether such removal should be accomplished by impeachment or by trial before the Governor, or whether a choice between such methods may be adopted.

[5] This court has a broad and inherent power over the attorneys whom it admits to practice in this state, the exercise of which necessarily rests very largely in the sound discretion of this court. We are not willing to hold, and do not hold, that this court is deprived of the power to disbar an attorney licensed to practice in this state merely by reason of the fact that such attorney has become a judge, and that the misconduct complained of was in his judicial capacity, although upon this question there is some conflict of authorities; but whether such power resides in this court is a very different question from whether it is expedient to exercise it.

[6] We are of the opinion as a matter of general public policy that, in the absence of some extraordinary or unusual situation, the removal of a judge in this state should be accomplished, if such removal becomes necessary, in the manner specifically and affirmatively provided therefor by the law of this state, and not

through the roundabout and indirect method of application to the disbarring power of this court. In the instant case no extraordinary circumstances are shown. If the said Ransom L. Gibbs, as judge of the municipal court of Sioux Falls, has been guilty of conduct in his official capacity which would require or justify his removal from office, we believe a sound judicial discretion dictates that such removal should be directly sought in the manner provided by law rather than circuitously maneuvered for by seeking to invoke the exercise of the powers of this court over its attorneys.

The proceeding sought to be instituted by the filing of the application for disbarment in this matter will stand dismissed of the court's own motion. No costs have been incurred, and none will be taxed.

POLLEY AND BURCH, JJ., concur.

GATES and SHERWOOD, JJ., absent, and not sitting.