JOSEPH IPPOLITO, Plaintiff, *v.* SOL BROWN, Defendant.

Supreme Court, Special Term, Queens County, January 29, 1953.

*Martin A. Crean* for defendant.

*John V. Visco* for plaintiff.

HALLINAN, J. This is a motion to dismiss the complaint under subdivision 5 of rule 107 of the Rules of Civil Practice (Statute of Limitations).

The action is in negligence. The accident giving rise thereto occurred in this State on July 7, 1948. At that time plaintiff was eighteen years of age. He attained his majority on September 24, 1950. Substituted service of the summons and complaint was made on December 5, 1952. (See Civ. Prac. Act, § 231.)

The question is whether that service was timely.

Under section 60 of the Civil Practice Act (as amd. by L. 1951, ch. 263, § 1) if the time otherwise limited for the commencement of an action is less than five years that time is extended by the period of disability. The time "otherwise limited" for the commencement of a negligence action is three years (Civ. Prac. Act, § 49, subd. 6). Accordingly, if that section applies here plaintiff would have until September 24, 1953, within which to commence this action.

Chapter 263 of the Laws of 1951, pursuant to which section 60 of the Civil Practice Act was amended, provides in section 2 as follows: "This act shall apply to causes of action heretofore accrued or hereafter accruing; *provided, however, that nothing herein contained shall operate to revive a cause of action heretofore barred.*" (Emphasis supplied.) It can be seen, therefore, that whether amended section 60 applies here depends upon whether this action was barred prior to September 1, 1951, the effective date of the amendment to that section (L. 1951, ch. 263, § 3). That question, in turn, is to be determined in the light of section 60 of the Civil Practice Act as it existed prior to its amendment. Under that statute the time limited for the commencement of an action was, in the case of infancy, extended for one year after the disability ceased (*Matter of McKee* v. *White,* 218 App. Div. 300, affd. 244 N. Y. 610). As already noted, plaintiff's disability ceased on September 24, 1950. He would, therefore, under unamended section 60, have had until September 24, 1951, within which to commence this action. Since the amendment to that section became effective on September 1, 1951, it is obvious that this action was not theretofore barred. Accordingly, amended section 60 is applicable here, and this action is timely.

The motion is denied.

Submit order.