In the Matter of the Claim of JULIANA HUSING, Respondent, against MEDICAL LABORATORIES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 18, 1954.

*F. Walter Bliss* for appellants.

*Eugene W. DuFlocq* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General (Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

FOSTER, P. J. An employer and its insurance carrier appeal from an award of compensation made by the Workmen's Compensation Board to claimant for partial disability covering the period from July 5, 1951, to March 11, 1953.

Claimant was employed in an X-ray laboratory at New York City and was accidently injured in the course of her employment on August 15, 1944. There is no issue before us as to the nature and extent of her injuries as found by the board, and hence we must assume that the board had before it substantial evidence to sustain its findings in that regard.

On January 30, 1945, claimant began a third-party action in the Supreme Court, Queens County, to recover damages for the injuries resulting from the accident. On June 4, 1951, her complaint was dismissed for failure to prosecute the same. There is proof in the record that during the intervening period claimant was physically and mentally incapable of proceeding with the trial of her case, but the board made no finding in that regard. There is also proof that on the day the trial court dismissed her complaint an affidavit from her physician was submitted to the court which stated, in effect, that her condition made it impossible for her to appear and testify. Doubtless the trial court felt that she would never be able to prosecute the action. At the time the third-party action was dismissed the Statute of Limitations barred any further action against the defendants therein. Appellants contend that since the action was dismissed for claimant's failure to prosecute, after the Statute of Limitations had run, they were thereby prejudiced and should be relieved of further responsibility for further compensation payments. The board found that the carrier was offered the prosecution of the third-party action in subrogation prior to its dismissal and failed to accept the offer. Although not found, the implication seems to have been intended that the carrier thereby waived its rights, whatever they were.

The statutory scheme for third-party actions and subrogation rights is contained in section 29 of the Workmen's Compensation Law. Briefly it is that such an action must be commenced by the injured employee not later than six months after compensation is awarded, or in any event before the expiration of one year from the date such action accrues. The carrier has a lien on any recovery in such an action for compensation paid. If the injured party fails to commence the third-party action within the time limit such failure operates as an assignment of the cause of action to the person or carrier liable for compensation payments.

The statute also provides that an action begun by an injured employee shall not be compromised for an amount less than the compensation provided by law without the written consent of the person or carrier liable to pay compensation.

From the foregoing we draw the conclusion that the board could, upon the facts and the law, have properly made an award to claimant; but it did so upon a theory that has yet no definite and clearcut authority to sustain it. The board said the carrier could have been subrogated during the pendency of the third-party action. Appellants point out section 41 of the Personal Property Law prevents an assignment of an action for personal injuries. It may be that a carrier or person obligated to pay compensation would in equity be subrogated to a portion at least of an injured workman's cause of action irrespective of statute (*General Accident Fire & Life Assur. Corp.* v. *Zerber Constr. Co.*, 269 N. Y. 227, 232), but we think it unnecessary in this case to determine that question. Under the statutory scheme the claimant is only forbidden to compromise a third-party action at less than compensation provided by law without the written consent of the employer or carrier. A compromise, however, envisages a voluntary act. Here the board could have found the dismissal of claimant's case was wholly involuntary and that her failure to prosecute was something she could not help. There was no discontinuance in the accepted sense of that term, and hence no compromise. In the only case of any consequence, cited by appellants, the claimant simply failed to appear when his case was called and the case was dismissed by default (*Matter of McKee* v. *White,* 218 App. Div. 300, affd. 244 N. Y. 610). It was held that he was estopped from establishing a claim for compensation. The distinction between that case and the instant one is obvious.

Appellants may have been prejudiced by the turn of events, assuming that no right of subrogation existed, although factually that is by no means certain, but even so we do not think this sufficient to defeat an award where it may be found that claimant herself was without fault. It was a risk which the employer and the carrier had to assume, just as they had to assume the risk that the action might have been unsuccessful if prosecuted. The strictly legalistic position of appellants is contrary to the spirit and purpose of the Workmen's Compensation Law and in addition has no statutory authority to sustain it.

However, due to the theory upon which the board acted and the lack of findings we deem essential, the award should be reversed and the matter remitted to the board for further con-

sideration and for such action as it may be advised to take not inconsistent with this opinion.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Award reversed, without costs, and the claim remitted to the Workmen's Compensation Board for further consideration and for such action as the board may be advised, not inconsistent with this opinion.