**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Catherine J. EIDAHL, Defendant and Appellee.**

**No. 17641.**

Supreme Court of South Dakota.

Considered on Briefs March 16, 1992.

Decided June 10, 1992.

Mark Barnett, Atty. Gen., Jeffrey Hallem, Asst. Atty. Gen., Pierre, for plaintiff and appellant.

Douglas G. Fosheim of Fosheim & Haberstick, Huron, for defendant and appellee.

SRSTKA, Circuit Judge.

After a preliminary hearing binding Catherine J. Eidahl (Eidahl) over to circuit court on a complaint alleging that she committed the offense of "Driving or Controlling Vehicle with Alcohol in Blood," SDCL 32–23–1(1), the circuit court dismissed the case upon Eidahl's motion. We vacate the order of dismissal and remand the case to magistrate court for further proceedings.

### FACTS

On May 12, 1991, Officer Gayle Kludt of the Huron Police Department was on duty, and at approximately 2:45 a.m. was parked in front of Domino's Pizza in Huron. She observed Eidahl traveling west on Third Street and making a left hand turn to the south on Kansas Avenue. Officer Kludt proceeded to follow Eidahl for approximately ten blocks. When Officer Kludt started following Eidahl, the officer was approximately three quarters of a block behind her.

During the ten block observation course Eidahl did not speed, did not operate her vehicle in an erratic manner and lawfully obeyed a stop sign at Ninth and Kansas Southeast. When she reached the intersection of Tenth and Kansas Southeast, Eidahl made a right turn without turning on her turn signal and made a left turn into a private driveway without signaling the turn. Eidahl also failed to make any hand signals during these turns. There was no traffic on the street at this time other than Eidahl and Officer Kludt who had no prior knowledge of Eidahl or her vehicle. The officer was about a quarter of a block behind Eidahl during the last two turns and the private driveway was less than a quarter of a block from the intersection where Eidahl made the right turn.

Officer Kludt then made a traffic stop because of Eidahl's failure to use her turn signal, a violation of Huron Municipal Code section 16.12.030. Officer Kludt asked Eidahl if she had been drinking and Eidahl said that she "had a couple." Officer Kludt administered several field sobriety tests, the majority of which Eidahl failed. Eidahl was arrested. An intoxilyzer test resulted in a blood alcohol content of .194 percent.

### PROCEDURAL HISTORY

After the arrest the state's attorney filed a complaint. Eidahl obtained counsel prior

to the preliminary hearing. The law-trained magistrate bound Eidahl over to circuit court on June 24, 1991.

On July 29, 1991, the parties appeared before Circuit Judge Martin. Eidahl moved to dismiss because the arresting officer unlawfully stopped her and interrogated her before she was advised of her Miranda rights. Counsel for the parties had agreed previously that the motion hearing would be held on July 29, 1991, and that Eidahl could make her formal motion orally at that time. No written motion was to be made and none appears in the record. Judge Martin heard the motion by an evidentiary hearing, and by an opinion dated July 31, 1991, granted the motion to dismiss on the stop issue. An order was entered on August 7, 1991, to the effect that "the complaint and information are dismissed." An amended order was entered dismissing "the complaint and the information" on August 22, 1991. No information was filed in the case. The state appealed the August 7, 1991, order pursuant to SDCL 23A–32–4. No appeal was taken from the August 22, 1991, order.

## ANALYSIS

The substance of Judge Martin's ruling was that the City of Huron's ordinance was more restrictive than SDCL 32–26–22 and that the City of Huron did not have the authority to adopt a more restrictive ordinance. Judge Martin ruled that since Officer Kludt relied on the city ordinance, the stop and the following arrest were invalid since there was no other reasonable suspicion for the stop. Judge Martin compared the signaling requirements in the ordinance and the statute. The city ordinance required that turn signals or hand signals be used in all cases when making a turn. The ordinance reads:

16.12.030. The driver of a vehicle shall give timely warning by signaling with the hand or mechanical directional signal device indicating the intention to slow up, turn or stop, which signal must be plainly visible from the rear and front of such vehicle. Whenever the signal is given by means of the hand and arm, the driver

shall indicate his intention by extending the hand and arm from the left side of the vehicle in the following manner; and such signal shall be indicated as follows: (1) Left turn: hand and arm extended horizontally. (2) Right turn: hand and arm extended upward. (3) Stop or decrease speed: hand and arm extended downward.

The statute reads:

32–26–22. The driver of any vehicle upon a highway before starting, stopping, or turning from a direct line shall first see that such movement can be made in safety and if any pedestrian may be affected by such movement shall give a clearly audible signal by sounding the horn, and whenever the operation of any other vehicle may be affected by such movement shall give a signal as required in § 32–26–23 plainly visible to the drivers of such other vehicle of the intention to make such movement. A violation of this section is a Class 2 misdemeanor.

SDCL 31–1–4 states that a city street is a highway and by definition is subject to the requirements of SDCL 32–26–22. SDCL 32–14–3 provides in part, "Local authorities ... shall have no power or authority ... to enact or enforce any rule or regulation contrary to the provisions of chapters ... 32–24 to 32–34, inclusive...."

Judge Martin ruled: "I find the City has no legitimate right to have such ordinance. I must decide this case in accordance with SDCL 32–26–22 which requires a turn signal be given whenever any other vehicle may be affected by such movement. In this case, I believe there were insufficient facts showing that [Eidahl] should have utilized a turn signal in the operation of her vehicle."

## ISSUES

The state urges three issues on appeal: (1) Because no information was filed, Judge Martin was without jurisdiction to dismiss the complaint. (2) Judge Martin erred in declaring the stop invalid based upon the difference between the ordinance and the statute. (3) The officer had reasonable suspicion to stop defendant's vehicle. Due

to our decision on issue (1), we do not address issues (2) or (3).

## DECISION

It appears from the briefs that Eidahl's attorney thought that an information had been filed. The state's brief declares that the state did not know why an information had not been filed after the preliminary hearing. (The state's attorney who handled the prosecution in the trial court did not write the state's brief on the appeal.) The failure to file the information narrows the appeal to jurisdiction and the law is settled that Judge Martin had no jurisdiction.

Without a formal and sufficient indictment or information, a court does not acquire subject matter jurisdiction. *Albrecht v. United States*, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505 (1927). The South Dakota Constitution provides in art. VI, § 10 that no person shall be held for a public offense unless by indictment of the grand jury or information of the public prosecutor. The state charged the defendant with a Class 1 misdemeanor, and SDCL 23A-6-1 requires that offenses of that gravity must be prosecuted by indictment or information.

These constitutional and statutory requirements have been interpreted definitively by this court in *Honomichl v. State*, 333 N.W.2d 797 (S.D.1983), which makes it clear that the circuit court had no jurisdiction in this case. Although the motion hearing was held by agreement and stipulation, *Honomichl* holds that jurisdiction may not be conferred by agreement, consent or waiver. This question of jurisdiction was not raised in the circuit court, and indeed the omission of the filing of the information was completely overlooked. Notwithstanding that omission, this court is required to consider the issue of subject matter jurisdiction where it was not raised below in order to avoid an unwarranted exercise of authority. *Id.*

As a secondary consideration, this court only has jurisdiction of appeals taken by the state when an indictment or information has been dismissed. SDCL 23A-32-4. Since no information existed to be dis-

missed, there is nothing to appeal under that statute. It is clear that this court did not grant a discretionary appeal to the state in this case pursuant to SDCL 23A-32-5 (appeal by prosecution from suppression evidence or dismissal of complaint).

In conclusion, the case remains in magistrate court waiting the filing of an information or indictment by grand jury. Although the state did not appeal the amended order, we intend that the orders of the circuit court dismissing the prosecution are vacated and the cause remanded to the magistrate court for further proceedings pursuant to law.

MILLER, C.J., and HENDERSON, SABERS and AMUNDSON, JJ., concur.

SRSTKA, Circuit Judge, for WUEST, J., disqualified.