Andrew CRISP, Plaintiff and Appellee,

v.

Vickie SCHULTIS and Travis Schultis,
Defendants and Appellants,

and

Jimmy Croft, Defendant.

No. 18198.

Supreme Court of South Dakota.

Considered on Briefs Sept. 2, 1993.

Decided Nov. 3, 1993.

Shari B. Langner, Sioux Falls, for plaintiff and appellee.

Jon C. Sogn, Lynn, Jackson, Shultz and Lebrun, Sioux Falls, for defendants and appellants.

SABERS, Justice.

Appellants argue that the statute of limitations on a personal injury action, where the plaintiff is a minor when injured, is three years after the incident, or one year after the plaintiff turns eighteen, whichever is longer. We agree and reverse.

### FACTS

Andrew Crisp (Crisp) was born on September 6, 1971. On July 4, 1989, he was injured when a shotgun with a "blank" shell discharged and the wadding from the shell struck him in the groin area. Crisp commenced this action against Vickie Schultis, Travis Schultis (Schultis), and Jimmy Croft on September 4, 1992, alleging that their negligence was the proximate cause of his injuries.

Following denials of Schultis' Motion for Summary Judgment and Motion for Reconsideration based upon the statute of limitations, they filed a Petition for Permission to Take Discretionary Appeal from Intermediate Order with this court.[1] The Petition was granted.

### DECISION

Crisp was injured on July 4, 1989. Under SDCL 15–2–14(3),[2] Crisp had three years, or until July 4, 1992, to commence a civil action against Schultis for personal injury. This

---

1. Croft made no appearance at the Motion for Reconsideration or this appeal.

2. SDCL 15–2–14(3) provides:
   Except where, in special cases, a different limitation is prescribed by statute, the following civil actions other than for the recovery of real property can be commenced only within three years after the cause of action shall have accrued:

   . . . . .

   (3) An action for personal injury.

action was not commenced until September 4, 1992.

■ Crisp argues that, because he was a minor at the time of the incident, SDCL 15–2–22 applies, tolling the statute of limitations found in SDCL 15–2–14(3) until he reached the age of eighteen on September 6, 1989. SDCL 15–2–22 provides in part:

> If a person entitled to bring an action ... be at the time the cause of action accrued, [ ]
>
> (1) Within the age of minority as. defined in Chapter 26–1;[3]
>
> .    .    .    .    .
>
> the time of such disability is not a part of the time limited for the commencement of the action.
>
> The period within which the action must be brought cannot be extended more than five years by any such disability except infancy, *nor can it be extended in any case longer than one year after the disability ceases.*

(Emphasis added.) Crisp claims that upon reaching majority he had three years in which to commence this action under SDCL 15–2–14(3) and SDCL 15–2–22. We disagree.

■ Crisp argues that based on the first portion of the statute, the time prior to September 6, 1989 when he reached the age of eighteen, "is not a part of the time limited for the commencement of the action." It is a fundamental rule of construction, however, that, if possible, effect must be given to all provisions within the statute. *State v. Heisinger,* 252 N.W.2d 899, 903 (S.D.1977) (citation omitted). As the last sentence in the statute points out, the period within which the action must be brought *cannot be extended longer than one year after the disability ceases.* SDCL 15–2–22. The disability ceased on September 6, 1989. SDCL 15–2–22 extends the period of disability one year, until September 6, 1990. This is within the time allotted for commencement of the suit under SDCL 15–2–14(3). We find the language in *McKee v. White,* 218 App.Div. 300, 218 N.Y.S. 215 (N.Y.1926), *aff'd* 244 N.Y. 610, 155 N.E. 918 (1927) persuasive.

In *McKee,* a worker's compensation claimant who was injured on September 18, 1922 attained majority by April 1, 1924 and filed the lawsuit sometime after September 18, 1925. According to the court:

> The time limited for bringing actions to recover damages for personal injuries resulting from negligence is 3 years. Civil Practice Act, § 49. Since claimant was a minor when his cause of action accrued, the time of his disability is not a part of the time limited for beginning the action, "except that the time so limited cannot be extended * * * more than one year after the disability ceases." Civil Practice Act, § 60. The claimant reached his majority more than one year before the period limited in the statute for beginning his action against the third party. *The infancy then does not extend the three-year period.* The claimant, having reached his majority before the 3–year limitation had expired, was required to commence his action either before the expiration of that period or within one year after he attained his majority, whichever would be the longer period.

*Id.* 218 N.Y.S. at 216 (emphasis added) (citations omitted).

As in *McKee,* Crisp, having reached majority more than one year before the three-year statute of limitations found in SDCL 15–2–14(3) expired, was required to commence his action either before the expiration of that period (July 4, 1992) or within one year after he attained majority (September 6, 1990), whichever was the longer period. *Id. See also Lyons v. Lederle Lab.,* 440 N.W.2d 769, 771 (S.D.1989) (minors who have tort claims have until one year after their eighteenth birthday within which to pursue their claims).

---

3. SDCL 26–1–1 provides that minors are natural persons under age eighteen.

Crisp did not commence this action until September 4, 1992. In either event, the statute of limitations had clearly expired.

Reversed.

MILLER, C.J., and WUEST, HENDERSON and AMUNDSON, JJ., concur.