**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Russell E. KORDONOWY, Defendant and Appellant.**

No. 18217.

Supreme Court of South Dakota.

Considered on Briefs Feb. 16, 1994.

Decided Nov. 2, 1994.

Mark Barnett, Atty. Gen., Sherri Sundem Wald, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Mark E. DeBoer, Office of the Public Defender for Pennington County, Rapid City, for defendant and appellant.

AMUNDSON, Justice.

Russell E. Kordonowy (Kordonowy) appeals his conviction of first offense driving under the influence (DUI), in violation of SDCL 32–23–2, a Class 1 misdemeanor. On appeal, he contends the trial court erred in denying his motion to dismiss based on the running of the 180 day period established by SDCL 23A–44–5.1. We reverse.

FACTS

Kordonowy was arrested and charged with DUI on April 3, 1992. A complaint was subsequently filed on April 13, 1992, charging Kordonowy with DUI, and he appeared in magistrate court and requested a preliminary hearing on April 14, 1992. Following the preliminary hearing on May 26, 1992, he was bound over for trial. On May 26, 1992 an information was filed, charging Kordonowy with DUI, and he was arraigned on that date.

The trial was originally scheduled before the magistrate for June 17, 1993. The record next reflects that on September 29, 1992, Circuit Court Judge Merton B. Tice sent a letter to Kordonowy's attorney informing him that the circuit court was assuming jurisdiction of his case due to a backlog in magistrate court. Trial was then scheduled for November 18, 1992. However, due to a delay (which Kordonowy does not dispute was attributable to him), the trial was not held until November 24, 1992. Kordonowy was convicted.

Two hundred eighteen (218) days elapsed between April 14, 1992, when Kordonowy initially appeared on the charges of the complaint, and November 18, 1992, the date his jury trial was originally scheduled to commence. One hundred seventy-six (176) days ran between the date he had his initial appearance on the information on May 26, 1992, and the originally scheduled trial date of November 18, 1992. The six (6) day delay between the date the jury trial was scheduled and the date it was actually held was attributable to Kordonowy.

ISSUE

IN THE CASE OF A CLASS 1 MISDEMEANOR, DOES THE 180 DAY TIME PERIOD START WITH DEFENDANT'S FIRST APPEARANCE ON THE COMPLAINT OR FIRST APPEARANCE ON THE INFORMATION?

■ Kordonowy contends that his case was not disposed of within 180 days as re-

quired by SDCL § 23A–44–5.1 and, as a consequence, he was entitled to a dismissal of the charges. The provisions relevant to Kordonowy's case are SDCL 23A–44–5.1(1) and –5.1(2):

(1) Every person indicted, informed or complained against for any offense shall be brought to trial within one hundred eighty days, and such time shall be computed as provided in this section.

(2) Such one hundred eighty day period shall commence to run from the date the defendant has first appeared before a judicial officer on an indictment, information or complaint. As to indictments, informations, complaints or orders for a new trial pending on July 1, 1991, such one hundred eighty day period shall commence to run from July 1, 1991.

Thus, when Kordonowy was arrested, the 180 day time period commenced on the date he first appeared on "an indictment, information or complaint."

In the several decisions we have issued concerning the application of the 180 day rule, we have consistently computed this time period from the date the defendant makes his very first court appearance on a charging document, regardless of the form that document takes. *See State v. Ven Osdel,* 462 N.W.2d 890 (S.D.1990); *State v. Tiedeman,* 433 N.W.2d 237 (S.D.1988); *State v. Cooper,* 421 N.W.2d 67 (S.D.1988); *State v. Anderson,* 417 N.W.2d 403 (S.D.1988); *State v. Hoffman,* 409 N.W.2d 373 (S.D.1987). Illustrative is *Tiedeman,* a case in which the defendant was charged by complaint with third degree burglary and grand theft. 433 N.W.2d at 237. In ruling on the application of the 180 day rule when the original charges were dismissed and subsequently refiled by complaint and later by indictment, we used the date of defendant's first appearance before a judicial officer on the complaint as the event starting the time period. *Id.* at 240.

State argues the time period does not start to run until the defendant first appears on the indictment or information because the filing of an indictment or information is jurisdictional. Here, Kordonowy was charged with a Class 1 misdemeanor, which "must be prosecuted by an indictment or by an infor-

mation...." SDCL 23A–6–1. State points out that an accused may not be punished for a Class 1 misdemeanor without a formal and sufficient indictment or information, since a court does not acquire subject matter jurisdiction without them. *State v. Eidahl,* 486 N.W.2d 257 (S.D.1992); *Honomichl v. State,* 333 N.W.2d 797 (S.D.1983).

However, the 180 day rule is not premised upon the jurisdictional prerequisites which were the subject of *Eidahl* and *Honomichl.* By its express language, the 180 day rule requires the prosecution to dispose of criminal cases within 180 days "from the date the defendant has first appeared before a judicial officer on the complaint, information or indictment." SDCL 23A–44–5.1(2).

State also argues that the 1991 amendment to SDCL 23A–44–5.1 which added the word "information" to this phrase, demonstrates an intent that the first appearance on an information, which marks the attachment of the circuit court's jurisdiction, trigger the start of the 180 days. However, the language of SDCL 23A–44–5.1 states that the 180 day time period commences when a defendant makes his or her first appearance before a judicial officer (magistrate). The start of the time period is not based on the attachment of jurisdiction; it is based only on the first appearance. To hold otherwise would be to read more into the rule than exists. *See In re Famous Brands,* 347 N.W.2d 882 (S.D.1984). If we were to accept State's contention, there would be no restriction on the prosecution to prevent unlimited time to file the information after a defendant makes a first appearance on a complaint. Such a construction would effectively defeat the purpose of the 180 day rule, and cannot be accepted. *Id.*

The filing of the complaint and Kordonowy's appearance before the magistrate/judicial officer pursuant to the charges of the complaint started the 180 day time period. The 180 days in this case began to run on April 14, 1992 and the trial was not scheduled to commence until November 18, 1992. Kordonowy has met his burden of establishing the passage of greater than 180 days between the date of his first appearance and

the final disposition of the case. *State v. Shilvock–Havird,* 472 N.W.2d 773 (S.D.1991).

The burden then shifts to the State to establish that there was good cause for the delay. *Cooper,* 421 N.W.2d 67. There was no finding by the trial court that good cause existed for the delay beyond the 180 days, and the mere congestion in the magistrate court docket does not establish good cause. *Hoffman,* 409 N.W.2d 373. Accordingly, the trial court erred when it ruled that the 180 day period did not commence until Kordonowy first appeared on the information.

Based upon the above reasoning, we hold that a Class 1 misdemeanor must be disposed of within 180 days of the date of the defendant has made his or her first appearance before a judicial officer on any formal charging document, whether that document be a complaint, information or indictment.

Reversed.

MILLER, C.J., and WUEST and SABERS, JJ., concur.

HENDERSON, Retired Justice, who was a member of the Court at the time this action was submitted, concurs specially.

KONENKAMP, J., not having been a member of the Court at the time this action was submitted, did not participate.

HENDERSON, Retired Justice (specially concurring).

Although the text of the majority opinion is founded upon fact and law, a reversal in and of itself is statutorily wrong.

A reversal must be "... a dismissal with prejudice of the offense charged and any other offense required by law to be joined with the offense charged." SDCL 23A–44–5.1(5). A general rule of law is that all courts of a state must judicially recognize and apply the statutes of the state. *State v. Myers,* 411 N.W.2d 402 (S.D.1987); *In re Gibbs,* 51 S.D. 464, 214 N.W. 850 (1927).

Further, it is a fundamental rule of law that when an appellate court construes/considers the provisions within a statute, *all* of those provisions must be given effect, if possible. *Crisp v. Schultis,* 507 N.W.2d 567, 568 (S.D.1993); *State v. Lodermeier,* 481 N.W.2d 614, 621 n. 3 (S.D.1992); *State v. Heisinger,* 252 N.W.2d 899, 903 (S.D.1977).

Hence, the reversal by this court should contain language that the case, by the trial court, be dismissed with prejudice and reversed and remanded to accomplish the language of the statute in question.