THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* DONALD GRIEGEL, Defendant-Appellee.

Second District   No. 77-471

Opinion filed September 29, 1978.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mary Robinson and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellee.

Mr. JUSTICE BOYLE delivered the opinion of the court:

The State appeals from an order of the circuit court of Du Page County which granted the defendant's, Donald Griegel's, motion to dismiss five pending charges pursuant to section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a)), on the grounds that the defendant had not been brought to trial within 120 days of his being taken into custody.

The following relevant facts, which occurred in Du Page County (unless otherwise indicated), preceded the trial court's disposition of the defendant's Du Page County charges.

On January 5, 1977, a complaint was filed against the defendant in Case No. 77—CF—11 which charged him with theft in excess of $150 in violation of section 16—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16—1). The defendant was arrested on the above date, and he was released on a $3,000 bond after posting $300.

On January 13, 1977, another complaint was filed against the defendant in Case No. 77—CF—97, which charged him with possession of burglary tools in violation of section 19—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 19—2). Also, on January 13, 1977, a third complaint was filed against the defendant in Case No. 77—CM—149, which charged him with theft of less than $150 in violation of section 16—1 of the Criminal

Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 16—1). The defendant was arrested on both charges on January 13, 1977, and he was released that same day after posting $200 on the possession of burglary tools bond of $2,000 and after posting $100 on the theft of less than $150 bond of $1,000.

On February 4, 1977, a fourth complaint was filed against the defendant in Case No. 77—CF—251, which charged him with the burglary of a restaurant on January 4, 1977, in violation of section 19—1(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a)). Also, on February 4, 1977, a fifth complaint was filed against the defendant in Case No. 77—CF—252, which charged him with the burglary of a drugstore on January 3, 1977, in violation of section 19—1(a) (Ill. Rev. Stat. 1975, ch. 38, par. 19—1(a)). The defendant was arrested the very same day on both charges, and a $5,000 bond was set on the restaurant burglary and a $10,000 bond was set on the drugstore burglary. The defendant was unable to make these bonds, and he was taken to the Du Page County jail. Subsequently, the bond on the restaurant burglary was reduced from $5,000 to $3,000, and the drugstore burglary bond was reduced from $10,000 to a personal recognizance bond. On March 29, 1977, the defendant posted 10 percent of the remaining restaurant burglary bond of $3,000 in Du Page County, whereupon, according to his attorney, "immediately after posting bond in Du Page, he was taken to the Kane County Jail," where he remained in custody until he was returned to Du Page County for arraignment on July 15, 1977. Subsequently, on July 20, 1977, the defendant filed a motion to dismiss the five Du Page County charges on the grounds that he had been in continuous custody in the State of Illinois since February 4, 1977, and that the Du Page County State's Attorney had knowledge of his whereabouts and failed to take "the affirmative steps necessary to bring him to trial within 120 days." At the hearing on defendant's motion to dismiss, the trial court requested that the Assistant State's Attorney find out whether the defendant was at liberty or in confinement after his release from Du Page County. The Assistant State's Attorney attested to the following:

> "The defendant was arrested in Du Page County on February 4, 1977 and was in fact incarcerated until March 29, 1977 in the Du Page County Jail. He posted ten per cent and as of that date was taken into custody by Kane County authorities where he remained until time of the filing of this motion [to dismiss], July 15, 1977."

Following argument of the respective attorneys, the trial court granted the defendant's motion to dismiss on the grounds that the defendant was in custody for over 120 days without being brought to trial and that the Du Page County authorities' "voluntary relinquishment of custody to another jurisdiction could not be employed to deny the defendant's right to speedy trial."

The sole issue on appeal is whether the trial court erroneously dismissed the charges against the defendant pursuant to the speedy trial provisions of section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 103—5).

The State contends that the defendant's charges were erroneously dismissed because section 103—5(b) (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b)) (hereinafter referred to as the 160-day rule) was applicable because the defendant was on bond and the 160-day period had not started to run because the defendant, while on bond, had not made a demand for a speedy trial. The defense in rebuttal contends that the defendant's charges were properly dismissed because he was denied a speedy trial pursuant to section 103—5(a) (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a)) (hereinafter referred to as the 120-day rule). The defendant's contention is predicated on his allegation that the Du Page County State's Attorney knew that the defendant was in custody on other charges in the Kane County jail and the fact that the Du Page County authorities had complete access to him then and, further, had the authority to bring him to trial within 120 days from the date he was taken into custody by Du Page County but failed to do so.

■■ The principles regarding the interpretation of the speedy trial provisions under Illinois statute (Ill. Rev. Stat. 1975, ch. 38, par. 103—5) and constitutionally under the sixth amendment are well settled. Initially, the four factors which must be considered in evaluating a defendant's assertion of the denial of the constitutional right to a speedy trial are: the length of the delay; the reason for the delay; the prejudice to the defendant; and the defendant's waiver of this right. (*People v. Tetter* (1969), 42 Ill. 2d 569, 250 N.E.2d 433.) The State, under the Constitution, also has the burden of bringing the defendant to trial promptly once the State knows that the defendant is incarcerated in another state. (*People v. Bryarly* (1961), 23 Ill. 2d 313, 178 N.E.2d 326.) Under the 120-day rule of section 103—5(a) (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a)):

> "Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant, * * *."

■■■ Initially, where a person is in custody, he is not required to demand a speedy trial because the 120-day rule applies automatically. (*People v. Cornwell* (1973), 9 Ill. App. 3d 799, 293 N.E.2d 139.) The 120-day rule also must be liberally construed and its statutory provisions cannot be subterfuged by a technical evasion. (*People v. Fosdick* (1967), 36 Ill. 2d 524, 224 N.E.2d 242; *People v. McRoberts* (1977), 48 Ill. App. 3d 292, 362 N.E.2d 1096.) Additionally, neither the dismissal and refiling of the same charge nor the voluntary relinquishment of custody to another

county can be utilized by the State to deny a defendant a speedy trial. *People v. Fosdick* (1967), 36 Ill. 2d 524.

■ The problem presented here is whether the defendant's posting of bond and release by Du Page County and subsequent arrest and being taken into custody by Kane County authorities on the same date operate as a technical evasion of the 120-day speedy trial provision. Initially, we believe the circumstances presented here are not the classic example of a voluntary relinquishment of the defendant by one county to another county with the ultimate objective being the avoidance of the defendant's right to a speedy trial. While the record presented here is unclear as to the exact circumstances surrounding the defendant's arrest by Kane County after his release by Du Page County, it is clear on one important factor— the defendant was released on bond by Du Page County on March 28, 1977. Thereafter, by statute, once the defendant is on bond in Du Page County on these charges, the State must bring him to trial "within 160 days from the date defendant demands trial." (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(b).) The necessary prerequisites to constitute a demand for a speedy trial under this 160-day rule were recently summarized by this court in *People v. Schoo* (1977), 55 Ill. App. 3d 163, 371 N.E.2d 86, and will not be reiterated in this opinion. It is sufficient to note that it is undisputed in the instant case that there was no affirmative conduct on the part of the defendant or his counsel that could be construed as a clear, unequivocal demand for trial or, in fact, a request that his bond in Du Page County be revoked. In addition, we believe that any delay in the defendant's case was occasioned by the defendant's bonding out and not by any action of the Du Page County authorities. Thus, at all times until the dismissal of these charges, the defendant was considered on bond by Du Page County authorities, and we hold that his rights to a speedy trial in Du Page County were not violated where he was released on bond in Du Page County and never demanded a speedy trial after his release, even though the defendant was subsequently taken into custody by another county on unrelated charges.

Our decision finds support in the Fourth District's opinion in *People v. Daily* (1975), 30 Ill. App. 3d 413, 332 N.E.2d 146, wherein the court considered the applicability of the 120-day rule to a defendant who was on bond on an armed robbery charge at the time he was taken into custody on a parole warrant for violation of parole. The defendant in *Daily*, while in custody on the parole violation, remained on bond on the armed robbery charge until he requested that his bond money be returned. The *Daily* court held that the defendant's detention on the parole warrant until this warrant was withdrawn would not be considered detention as to the armed robbery charge for purposes of calculating the statutory 120-day period where the defendant was free on bail on the armed robbery charge. Similarly, in our factual situation, defendant's

period of imprisonment in Kane County on other charges should not be considered confinement as to the Du Page County charges for purposes of determining the 120-day period where the defendant was free on bond on the Du Page County charges. Therefore, the trial court erroneously granted the defendant's motion to dismiss on the basis of a violation of the 120-day speedy trial rule, and we reverse its judgment and remand the cause for further proceedings consistent with this opinion.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded with directions.

RECHENMACHER and NASH, JJ., concur.