STATE of South Dakota, Plaintiff
and Appellee,

v.

Danny Floyd COOPER, Defendant
and Appellant.

No. 15724.

Supreme Court of South Dakota.

Considered on Briefs Jan. 11, 1988.

Decided March 23, 1988.

Janine Kern, Asst. Atty. Gen., Roger A. Tellinghuisen, Atty. Gen., on brief, Pierre, for plaintiff and appellee.

Timothy W. Bjorkman of Bjorkman Law Offices, Bridgewater, for defendant and appellant.

SABERS, Justice.

Danny Floyd Cooper (Cooper) appeals a conviction for driving while under the influence of alcohol. He claims the charge should have been dismissed because of a violation of the 180-day rule (SDCL 23A–44–5.1).

### Facts

Cooper was arrested by Trooper Roger Wermers on August 1, 1985 in McCook County on a charge of driving while under the influence of alcoholic beverages. Trooper Wermers spotted the Cooper vehicle when it veered off the edge of the road and drove on the unpaved shoulder before entering a service station. When Trooper Wermers stopped the vehicle, he found Mrs. Cooper in the driver's seat. He believed Cooper was driving when he first spotted the vehicle. Cooper was asked to perform several field sobriety tests which he failed. Cooper was arrested and released later that evening after posting bond.

A preliminary hearing was held September 3, 1985 before Judge Heege.[1] Cooper was bound over and formally arraigned on September 16, 1985 at which time he entered a plea of not guilty. A jury trial held June 4, 1986 before Judge Ronald Miller ended in mistrial. A second trial scheduled for September 5, 1986 was postponed to November 26, 1986. Cooper stipulated to the facts presented at the first trial and the trial court found him guilty.

### DENIAL OF MOTION TO DISMISS BASED UPON 180–DAY RULE

Initially, the State argues that Cooper waived his right to appeal this issue because they claim Cooper pled nolo contendere at his second trial. The State claims this plea is equivalent to a plea of guilty in its effect on non-jurisdictional defects.

1. Second Judicial Circuit Court Judge Robert Heege was temporarily assisting the Fourth Circuit because of a judicial vacancy there.

However, an Amended Sentence of the Court, dated March 17, 1987, states that Cooper's plea was not guilty and that he was "found guilty upon certain stipulated facts." Therefore, the record does not support the State's claim that Cooper pled nolo contendere at his second trial.

■ SDCL 23A–44–5.1 "is clear and unambiguous on its face. It requires a disposition of criminal matters within 180 days lacking good cause for delay." *State v. Hoffman*, 409 N.W.2d 373, 375 (S.D.1987). *Hoffman* makes it clear that barring good cause for delay, the mandatory language of SDCL 23A–44–5.1 requires a dismissal of the charges. The last paragraph of *State v. Hoffman, supra* at 376, states:

> We further determine that this decision is prospective only and shall be applicable only to defendants whose appeals we have considered in this proceeding and such other defendants whose appeals have been filed prior to the entry of this decision.

The *Hoffman* decision was entered July 15, 1987. Cooper's notice of appeal is dated February 16, 1987, thus, *Hoffman, supra,* applies. The State asserts that the trial court's ruling on a motion to dismiss for violation of SDCL 23A–44–5.1 is a discretionary ruling and, therefore, is reviewed under an abuse of discretion standard. Although the language "good cause for delay" appears broad enough to leave *some* discretion in that determination by the trial court, it seems clear from the wording of the statute and the language in *Hoffman, supra* that the decision to dismiss is not meant to be discretionary.[2] Proof by the defendant that the 180 days has run establishes a prima facie case for dismissal. Absent a showing of good cause delay by the State, the case *must* be dismissed. Because *Hoffman* treated the question of what constitutes good cause for delay as a question of law, the standard of review to be applied in this and similar cases is whether there was error as a matter of law, i.e., the question is fully reviewable by this court upon appeal.

The following chronology clearly demonstrates that more than 180 days passed between Cooper's initial appearance and the day of trial.

Aug. 1 '85: Cooper is arrested and makes initial appearance before the magistrate where bond is set.

Sept. 3 '85: Preliminary hearing before Judge Heege: Cooper is bound over.

Sept. 16 '85: Cooper is formally arraigned and enters a plea of not guilty.

Sept. 30 '85: Original date for suppression hearing. Hearing rescheduled to Oct. 15 '85, then to Nov. 12 '85 and later cancelled.

Nov. 25 '85: Cooper requests a jury trial in open court.

Dec. 4 '85: Letter from Cooper's counsel to the State's Attorney seems to raise a question about whether Cooper desires to go to trial.

Dec. 17 '85: Letter from Cooper's counsel to State's Attorney formally requesting jury trial.

Jan. 28 '86: Expiration of 180 days.

May 26 '86: Cooper files motion to dismiss for violation of SDCL 23A–44–5.1, which is denied.

June 4 '86: Jury trial results in mistrial.

SDCL 23A–41–1 governs the computation of time in statutes relating to criminal procedure. Under this statute, the last day, but not the first day, is included. Saturdays, Sundays, and legal holidays are included unless the period of time prescribed is less than seven days or the last day falls on a Saturday, Sunday or legal holiday.

Cooper first appeared before a magistrate after his arrest on August 1, 1985. Therefore, the 180–day period began to run on August 2, 1985. The jury trial was held June 4, 1986 (a Wednesday). Under the initial computation, 306 days passed from the first appearance before a judicial officer to the date of trial. Thus, the trial court was correct in that the 180–day rule was violated, at least in the broadest sense.

---

2. It should be noted, however, that there are numerous cases which review this issue under an abuse of discretion standard. *See, e.g., State v. Frazier,* 298 Md. 422, 470 A.2d 1269 (1984).

Unfortunately, neither the trial court's oral decision nor its findings of fact and conclusions of law, dated January 30, 1987, make it clear exactly which days were found to be excludable for good cause delay. The trial court held that at some point during the fall of 1985, Cooper and his counsel "directly or indirectly gave the State the impression defendant would enter a plea of 'guilty';" that his counsel's letter of December 4, 1985 indicated a change of plea would be forthcoming; that the Fourth Judicial Circuit was short one judge, there were scheduling problems and Judge Heege was ill in January *or* February 1986 and was not holding trials ("[he] only held regular Monday court").

In *Hoffman, supra* at 375, this court held that " '[e]xcept for short-term docket congestion caused by extraordinary circumstances, delay caused by docket congestion is attributable to the prosecution.' " As noted by the court in *Arreola v. Municipal Court of Ventura County,* 139 Cal.App.3d 108, 114, 188 Cal.Rptr. 529, 532 (1983):

> The term 'exceptional circumstance' has not been expressly defined. The ABA Standards illustrates its statement with a mass arrest example implying reference to unusual events outside the control of judicial administrators.... Whether it is *foreseeable* that the circumstance itself would impair speedy trial is also one factor to be considered. [citation omitted] (emphasis in original)

Other courts have defined exceptional circumstances justifying delay as "unique, nonrecurring events," *Arreola,* 188 Cal. Rptr. at 532; *State v. Bond,* 340 N.W.2d 276, 279 (Iowa 1983), or nonchronic court congestion, *Frazier, supra* 470 A.2d at 1286, or unforeseen circumstances, "such as the unexpected illness or unavailability of counsel or witnesses...." *People v. Johnson,* 26 Cal.3d 557, 570, 162 Cal.Rptr. 431, 439, 606 P.2d 738, 746 (1980).

The trial court found good cause for delay based on (1) the prosecutor's belief that Cooper intended to change his initial plea to guilty and (2) court scheduling problems.

### (1) *Change of Plea*

The prosecutor, in his affidavit in opposition to Cooper's motion to dismiss, claimed that in several conversations with Cooper's counsel the prosecutor had been led to believe that Cooper planned to plead guilty. At the motion hearing, however, the prosecutor was forced to admit that there were no records or documents to substantiate these allegations and that he was relying solely on his own memory of the events. The record discloses that Cooper did not waiver from his not guilty plea, except possibly for the December 4, 1985 letter from Cooper's counsel to the prosecutor.[3] At least one court has held that the delay was not excludable where the State's Attorney postponed trial on his own initiative under the mistaken belief that the defendant intended to negotiate a plea. *People v. McRoberts,* 48 Ill.App.3d 292, 6 Ill. Dec. 274, 362 N.E.2d 1096 (1977). The State, under SDCL 23A-44-5.1, is required to dispose of criminal matters within 180 days and under *Hoffman, supra* is required to file a motion for good cause delay where they want to toll the time. In this case, the good cause for delay was not clearly substantiated and no motion was filed. Therefore, we hold the trial court erred when it found good cause for delay because of an alleged change in plea.

### (2) *Court Scheduling Problems*

In *Haigler v. United States,* 531 A.2d 1236, 1244 (D.C.App.1987), the court stated: " '[W]here the trial judge has not attempted to transfer the case to another judge or to adjust or increase the criminal calendar, the weight of authority supports the view that the court is not sufficiently congested to constitute good cause for extension.' " (*quoting Brown v. Wolff,* 706 F.2d 902, 906 (9th Cir.1983)).

Although the parties acknowledge that the Fourth Judicial Circuit was short one

---

**3.** The text of the letter is as follows:

I still have not heard from the Coopers concerning whether they wish to have this case tried. I will inform you as soon as they have made their decision.

judge and Judge Heege was attempting to cover some of the gap until a new judge was appointed, it is not clear from the record: (1) when this situation began and how long it continued, or (2) whether or not it was possible for Judge Heege to transfer this case to another judge. Again, although the parties were in some agreement that Judge Heege had been ill during the early spring of 1986, no one knew exactly when or for how long he was ill. Additionally, the notes of the clerk of courts indicated that court had been held in late December, January 6th and 20th, February 3rd and 18th, and March 3rd, 17th, and 31st. If Judge Heege was unable to conduct a trial because of ill health this fact is not clear from the record. Likewise, there is no showing in this record of any attempt to transfer this case to another judge. The burden of showing good cause is on the prosecution. *Hoffman, supra.* Similarly, the burden is on the prosecution to clearly establish the existence of exceptional circumstances. The State did not meet that burden in this case, therefore, we reverse the trial court's denial of Cooper's motion to dismiss.

MORGAN, J., concurs.

WUEST, C.J., specially concurs.

HENDERSON, J., concurs in result without writing.

MILLER, J., concurs in result.

WUEST, Chief Justice (special concurrence).

I concur. SDCL 23A–44–5.1 provides in part, "any period of delay shall be excluded if the trial court finds good cause for the delay." This language was used to provide the trial courts with broad discretion in excluding any period of delay. It was meant to cover a multitude of circumstances rather than limiting the "good cause" to a laundry list of circumstances. In my opinion, this Court should give "good cause" a liberal interpretation to prevent a harsh result or a miscarriage of justice. On the other hand the trial courts cannot find "good cause" where none exists.

The record in this case shows that Judge Heege was available to try this case on December 21, 1985. Additionally, I would take judicial notice there were three other circuit judges and two part-time law magistrates available in the Fourth Judicial Circuit to try this case. Also, the presiding judge could have requested the assignment of a judge from outside the circuit. *See* section 11 of Art. V of the State Constitution.

MILLER, Justice (concurring in result).

I in no manner depart from my dissent in *State v. Hoffman,* 409 N.W.2d 373 (S.D. 1987).

However, I concur in the result of the majority opinion because I am convinced that, under the facts presented here, the State failed to meet its burden and the trial court abused its discretion in denying the motion to dismiss.