STATE of South Dakota, Plaintiff
and Appellee,

v.

Wade E. VEN OSDEL, Defendant
and Appellant.

No. 16872.

Supreme Court of South Dakota.

Considered on Briefs April 26, 1990.

Decided Nov. 21, 1990.

David R. Nelson, Minnehaha County State's Atty., Debra S. Sittig, Deputy State's Atty., Sioux Falls, for plaintiff and appellee; Roger A. Tellinghuisen, Pierre, on brief.

Drake A. Titze, Minnehaha County Public Defender, Sioux Falls, for defendant and appellant.

HENDERSON, Justice (on reassignment).

Ven Osdel was convicted of driving while under the influence of alcoholic beverages, 183 days after his first court appearance. We reverse the conviction.

## FACTS

Ven Osdel was arrested for driving while under the influence. He made his first appearance on November 22, 1988, two days after his arrest. His preliminary hearing was set for January 12, 1989. Near the close of the court's business day on January 12, 1989, the clerk informed the magistrate that she had a 5:30 p.m. appointment that could not be cancelled. The magistrate contacted the clerk's office and found that there was no substitute available. The magistrate rescheduled the preliminary hearing for March 23, 1989, 70 days later.

After the preliminary hearing, court personnel scheduled the case for trial on May 24, 1989. The scheduled trial date fell 183 days after Ven Osdel's first appearance. On May 19, 1989, and within the 180-day period, State moved to extend the 180-day rule due to the magistrate's rescheduling of the preliminary hearing. State requested that the court extend the 180-day deadline by 69 days, which was State's calculation of the time span between the original and rescheduled preliminary hearing date. On the same day, Ven Osdel filed a motion to dismiss for failure to prosecute within the 180 days prescribed by statute. The magistrate extended the 180-day time period by three days, not the 69 days requested by State. Ven Osdel was convicted by a magistrate court jury, 183 days after his first appearance. Ven Osdel appeals the circuit court's affirmance of the magistrate court's decision to allow the prosecution to extend beyond 180 days. We reverse.

## DECISION

This case must be resolved by application of SDCL 23A-44-5.1 which provides:

The prosecution shall dispose of all criminal cases by plea of guilty or nolo contendere, trial or dismissal within one hundred eighty days from the date the defendant has first appeared before a judicial officer on the complaint or indictment. Any period of delay shall be excluded if the trial court finds good cause for the delay. In the event of the prosecution's failure to dispose of the action within the time limit required by this section, the action shall be dismissed.

■ The statute requires a disposition of criminal matters within 180 days, lacking good cause for delay. *State v. Hoffman,* 409 N.W.2d 373, 375 (S.D.1987). "Except for short-term docket congestion caused by extraordinary circumstances, delay caused by docket congestion is attributable to the prosecution." *Id.*

■ This case involves the "delay, procrastinations, and dilatory practices" which the 180–day rule was adopted to prevent. *See Hoffman,* at 376 (Wuest, C.J., concurring specially). The 180–day rule "was principally passed to address and respond to the unfortunate and ineffective scheduling practices of the magistrate court in Sioux Falls." *Hoffman,* at 378 (Miller, J., dissenting).

State incorrectly identifies the problem as being the magistrate's rescheduling of the preliminary hearing. State fails to note that when the preliminary hearing was rescheduled, there were still nearly 130 days to complete Ven Osdel's prosecution. Even after the completion of the preliminary hearing on May 24, 1989, there still remained 60 days to complete the prosecution of Ven Osdel.

The scheduling error occurred after the preliminary hearing, as a result of ineffective or dilatory scheduling practices. Court personnel rescheduled the trial and apparently neither State nor the magistrate confirmed whether the trial date fell within the 180 day time proscription. The problem is vibrantly demonstrated by the State's own motion to extend the 180–day limit, which read: "The clerk's office noted the reset in the state's file, it was clerically put in the state's computer, and no attorney saw it." Even in this age of the computer, scheduling is ultimately the responsibility of court officers and attorneys.

In their application for extension of the 180–day period, the State clearly indicated that the rescheduling was "at the court's discretion because of general court congestion." In *Hoffman,* we adopted the ruling in a California case that "court congestion does not constitute good cause for delay under a 180–day statute." *Rhinehart v. Santa Barbara–Goleta Mun. Ct.,* 35 Cal.3d 772, 200 Cal.Rptr. 916, 677 P.2d 1206 (1984). However, in *Hoffman* we softened the application of that rule by also adopting the holding in a Michigan case which excepted "short-term docket congestion caused by extraordinary circumstances." *Hoffman,* 409 N.W.2d at 375 *citing People v. Smith,* 143 Mich.App. 122, 371 N.W.2d 496 (1985). Court congestion seems to continue in the Second Circuit and it is not a good cause to excuse the delay in this case. Neither the State's motion nor the record discloses that the congestion was short term or caused by extraordinary circumstances. No reasons for this error exist except for the ineffective or dilatory scheduling practices which SDCL 23A–44–5.1 was intended to eliminate. Reversed.

WUEST and MORGAN, JJ., concur.

MILLER, C.J., and SABERS, JJ., dissent.

MILLER, Chief Justice (dissenting).

The majority opinion seems to overlook and ignore the settled authority of this state. In making what is, in reality, a de novo review of the trial court, it relies exclusively on *State v. Hoffman,* 409 N.W.2d 373 (S.D.1987).

In *State v. Kerkhove,* 423 N.W.2d 160, 164 (S.D.1988), we specifically held that we review a lower court's findings in "180–day rule" cases to determine whether they are clearly erroneous (citing *Estate of Hobelsberger,* 85 S.D. 282, 181 N.W.2d 455 (1970)). *See also State v. Cooper,* 421 N.W.2d 67 (S.D.1988).

I in no manner approve of or condone the action of the magistrate court in re-scheduling the preliminary hearing some 70 days. It surely seems to be an "unfortunate and ineffective scheduling practice." (See my dissent in *Hoffman, supra.*) Nonetheless, in reviewing the findings of the magistrate and circuit courts, I do not find them to be clearly erroneous. As Justice Sabers points out, there was only a three-day delay beyond the 180 days. In *Kerkhove, supra,* a murder case, we upheld a delay of approximately three weeks. The State made a timely motion for an extension and there was no prejudice present, or even asserted by defendant. I would therefore affirm.[*]

SABERS, Justice (dissenting).

In my view, neither the magistrate nor the circuit court were clearly erroneous. The State made its motion before the 180-day period expired in accordance with *Hoffman* and there is *no error*.

This case does not involve the chronic congestion or dilatory practices for which the 180-day rule was adopted. *See Hoffman,* at 376 (Wuest, C.J. concurring specially). Ven Osdel's preliminary hearing was set for January 12, 1989. On that day, both the State and Ven Osdel were present and ready to proceed with the preliminary hearing. However, the magistrate did not have a clerk available at 5:00 p.m. to assist in conducting the preliminary hearing. The magistrate determined that the better course of action was to reschedule the hearing for another day. Neither State nor Ven Osdel requested the rescheduling. Following the preliminary hearing, court personnel set the case for trial to occur on May 24, 1989. At the time of the scheduling of the trial, neither the magistrate nor the State realized that the scheduled trial date fell outside the 180-day time limit. However, Ven Osdel's attorney later acknowledged that he was aware of that fact and planned to file a motion to dismiss at the trial.

In *State v. Cooper,* 421 N.W.2d 67 (S.D. 1988), we identified three circumstances which might constitute "good cause" justifying continued prosecution beyond the 180-day limit: (1) unique, nonrecurring events; (2) nonchronic court congestion; or (3) unforeseen circumstances, such as the unexpected illness or unavailability of counsel or witnesses. *Id.* at 70 (citations omitted). Both (1) and (3) can apply here.

Here, the magistrate examined the facts and decided that good cause existed to extend the time limitation. The magistrate's conclusions of law provided:

1. The 180-day rule is a procedural rule, but it has a substantive basis, i.e., that an accused has a right to a speedy trial and should not suffer the anxiety of a pending prosecution for an indefinite period of time.

2. [Magistrate] Neiles reset the preliminary hearing date in good faith.

3. [Magistrate] Lieberman set the trial date for 5–24–89 in good faith and without realizing it was beyond the 180-day period.

4. Although it is not incumbent upon a defendant to object when a trial is scheduled outside the 180-day period, the fact that the defendant neither objected nor moved to expedite the proceedings is a relevant factor.

5. The motion for extension of the 180-day rule was filed and a hearing was held on the motion before the 180-day period had run.

6. Although a showing of prejudice to the defendant is not required, it is also a factor to be considered, and the defendant has demonstrated no prejudice resulting from a trial to be held 3 days beyond the 180-day period.

On appeal, the circuit court affirmed the magistrate's decision. I cannot say that the magistrate's determination was contrary to law or clearly erroneous as to fact.

[*] One must ponder whether the majority would come to the same conclusion if this were a murder case rather than one dealing with DUI.

Defendant does not challenge his conviction on the merits. He does not even claim he was denied a fair trial. He simply says it was three days late and he should go free. I say that there was sufficient cause for being three days late and there was *no error*. Even if we assume, for the purpose of argument, that the three day delay was error, it has to be harmless error. The 180–day rule did *not* repeal the harmless error rule and this defendant should not go free.

It seems ironic that a majority of this court will set this defendant free when in *State v. (Debra) Jenner*, 451 N.W.2d 710 (S.D.1990), substantive violations of constitutional rights were involved but the defendant could not even get a new or fair trial.

Therefore, good cause exists ** and I would affirm.

---

** This case demonstrates the lack of balance thoroughly explored in Note, *State v. Hoffman: The 180–Day Rule and a Lack of Balance*, 33 S.D.L.Rev. 165 (1988).