1999 SD 84

**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Shay L. SORENSEN, Dennis A. Hawk, Defendants and Appellees.**

Nos. 20548, 20549.

Supreme Court of South Dakota.

Considered on Briefs April 26, 1999.

Decided July 7, 1999.

Mark Barnett, Attorney General, Pierre, John E. Haak, Assistant Attorney General, Sioux Falls, for plaintiff and appellant.

Scott J. Podhradsky of Wipf and Cotton Law Office, Wagner, for defendant and appellee Sorensen.

Thomas E. Alberts, Avon, for defendant and appellee Hawk.

GILBERTSON, Justice

[¶ 1.] This is an appeal by the State of South Dakota (State) from a judgment of the First Judicial Circuit, Bon Homme County, dismissing the indictments of Dennis A. Hawk (Hawk) and Shay L. Sorensen (Sorensen) with prejudice for a violation of SDCL 23A–44–5.1 (the 180–day rule). We reverse and remand for trial.

## FACTS AND PROCEDURE

[¶ 2.] Defendants Hawk and Sorensen were arrested without warrants on Saturday, September 27, 1997, after a routine traffic stop revealed they were in possession of a controlled substance – methamphetamine. They were immediately taken to Bon Homme County Jail. On the following Monday, September 29, 1997, the lay magistrate judge without the defendants' personal presence, set bond and signed orders releasing both on bond. Bond requirements included submission to random PBT and urinalysis tests, signing waiver of extradition rights and Sorensen was to remain at his residence when he was not at work. A criminal complaint was never filed against either defendant.

[¶ 3.] The State intended to take this matter before the grand jury. The grand jury met on November 4, 1997 and returned an indictment against both defendants. Both parties first appeared before a judicial officer on a charging document, in this case an indictment, on November 18, 1997. The trials for Sorensen and Hawk were set for April 22, 1998.

[¶ 4.] Hawk and Sorensen filed a motion to dismiss for a violation of the 180–day rule. A hearing on the motion was held April 7, 1998 and a subsequent hearing followed on May 12, 1998. The trial court found the 180–day rule commenced on September 29, 1997, and expired on March 28, 1998. The trial court did not find the delay was attributed to either defendant and dismissed the charges against the parties with prejudice.

[¶ 5.] On appeal, the State raises the following issue:

**Whether Sorensen's and Hawk's criminal trials were scheduled within 180 days as computed under SDCL 23A–44–5.1**

## STANDARD OF REVIEW

[¶ 6.] The trial court's findings of fact are reviewed under the clearly erroneous standard. *State v. Pellegrino*, 1998 SD 39, ¶ 23, 577 N.W.2d 590, 599 (citing *State v. Shilvock–Havird*, 472 N.W.2d 773, 776 (S.D.1991)). "However, we review the determination of whether the period has expired, as well as what constitutes good cause for delay, under a de novo standard." *Pellegrino*, 1998 SD 39, ¶ 23, 577 N.W.2d at 599 (citing *State v. Fowler*, 1996 SD 79, ¶ 10, 552 N.W.2d 391, 392 (citing *State v. Cooper*, 421 N.W.2d 67, 69 (S.D. 1988))).

## ANALYSIS AND DECISION

[¶ 7.] **Whether Sorensen's and Hawk's criminal trials were scheduled within 180 days as computed under SDCL 23A–44–5.1.**

[¶ 8.] The sole issue before us is whether the State violated SDCL 23A–44–5.1. The State argues the 180–day period began November 18, 1997. This was the date the defendants had their first appearance on a charging document before a judicial officer. However, the trial court found the 180–day period commenced on September 29, 1997, when Sorensen and Hawk "appeared" before the lay magistrate judge who set bond and signed orders releasing both on bond.

[¶ 9.] The trial court took issue with the State's failure to file a complaint within what it determined to be a reasonable time. The court found the failure to file the charging document sooner, not to be filing within a reasonable time and to have potential for abuse. However, in this case the trial court did not identify any intentional abuse on the part of this particular prosecutor. In essence, finding this Court did not address this issue when it adopted the 180–rule, the trial court added another factor to be taken into account as to when the 180 days commences to run: when the prosecutor *should have* filed a complaint.

[¶ 10.] *a. SDCL 23A–44–5.1*

[¶ 11.] The 180–day rule provides:

(1) Every person indicted, informed or complained against for any offense shall be brought to trial within one hundred

eighty days, and such time shall be computed as provided in this section.

(2) Such one hundred eighty day period *shall commence* to run from the date the defendant has *first appeared before a judicial officer on an indictment, information · or complaint.* As to indictments, informations, complaints or orders for a new trial pending on July 1, 1991, such one hundred eighty day period shall commence to run from July 1, 1991.

* * *

(Emphasis added).

■ [¶ 12.] The 180–day rule was adopted by this Court in January 1985 and took effect July 1, 1985. *State v. Hoffman,* 409 N.W.2d 373, 374 (S.D.1987). The rule was initially intended to address ineffective scheduling practices. *Id.* at 375. We have stated that it creates a right to disposition of a criminal case within 180 days unless good cause may be shown for delay. *Id.* The 180–day rule is a procedural rule of court and not a constitutional requirement. *Fowler,* 1996 SD 79, ¶ 11, 552 N.W.2d at 393. "Violation of the 180–day rule is not synonymous with violation of a constitutional right to a speedy trial." *Id.* (Citing *State v. Erickson,* 525 N.W.2d 703, 711 (S.D.1994); *Hoffman,* 409 N.W.2d at 375).

[¶ 13.] The language of this rule clearly provides the 180–day period begins to run when the defendant makes a *first appearance on a charging document before a judicial officer.* Based on the reasoning below, we find the trial court erred in its analysis and interpretation of the 180–day requirement.

■ [¶ 14.] The trial court found the 180–day period began to run on the date the prosecution should have filed the charging document under SDCL 23A–44–5.1 – that date being September 29, 1997, when the parties were granted bond by the magistrate although they did not make a personal appearance as a part of that procedure. However, the rule does not read, the 180–day period will commence when the prosecution *should have* filed the charging document. The rule provides two requirements relevant to the issue now before us for the 180–day period to commence: 1) the defendant appears on a charging document; and 2) before a judicial officer. "This court assumes that [court rules] mean what they say.... " *Cf. In re Famous Brands, Inc.,* 347 N.W.2d 882, 885 (S.D.1984) (citation omitted). "When the language of the [rule] is clear, certain, and unambiguous, there is no occasion for construction, and the court's only function is to declare the meaning of the [court rule] as clearly expressed in the [rule]." *Cf. Mid–Century Ins. Co. v. Lyon,* 1997 SD 50, ¶ 9, 562 N.W.2d 888, 891 (citation omitted).

[¶ 15.] The defendants had their first appearance before a judicial officer on a charging document, or the indictments on November 18, 1997, not September 29, 1997. Their trials were scheduled to begin within 180 days of that date. Because both cases were scheduled to go to trial within 180 days of the date they first appeared before a judicial officer on a charging document, there is no violation of SDCL 23A–44–5.1. We reverse and remand to the trial court for trial.

[¶ 16.] MILLER, Chief Justice and KONENKAMP, Justice, concur.

[¶ 17.] SABERS and AMUNDSON, Justices, dissent.

SABERS, Justice (dissenting).

[¶ 18.] I dissent. On September 29, 1997, Sorensen and Hawk made constructive appearances before a judicial officer for the purposes of the 180–day rule and were released on bond, subject to substantial conditions. The trial court properly dismissed the charges against them with prejudice because their trials were not scheduled within 180 days as of that date. We should affirm the dismissal.

**[¶ 19.] THE TRIAL COURT PROPER-LY DISMISSED THE CHARGES AGAINST SORENSEN AND HAWK FOR VIOLATION OF THE 180–DAY RULE.**

[¶ 20.] The majority opinion claims that the 180–day period began on November 18, 1997, when Sorensen and Hawk made their first appearance on the indictments. However, the trial court found that the 180–day period commenced on September 29, 1997, when they "appeared" before the county clerk of courts and were released on bond. I agree and we should affirm the trial court's decision.

[¶ 21.] On September 29, 1997, Sorensen and Hawk were released from custody on bond and required to execute waivers of their extradition rights. As noted by the majority opinion, bond requirements included submission to random PBT and urinalysis tests and that Sorensen remain at his residence when not at work. At that time, significant restraints were placed on Sorensen and Hawk, and, as the trial court observed, they had charges "hanging over their heads."

[¶ 22.] SDCL 23A–4–1 requires that "[a] law enforcement officer shall, without unnecessary delay, take the arrested person before the nearest available committing magistrate." SDCL 23A–4–1 further provides:

> If a person arrested without a warrant is brought before a committing magistrate, *a complaint shall be filed forthwith*. When a person, arrested with or without a warrant or given a summons, appears initially before a committing magistrate, the committing magistrate shall proceed in accordance with the applicable provisions of §§ 23A–4–2 to 23A–4–5, inclusive.

(Emphasis added). SDCL 23A–4–4 provides that the committing magistrate "admit the defendant to bail as provided by ... chapter 23A–43." SDCL 23A–43–2 provides, in part:

> Except for a defendant charged with an offense punishable by death or a defendant who is currently released on personal recognizance bond, a defendant shall, *at his appearance* before a committing magistrate or court be ordered released pending trial on his personal recognizance *or upon the execution of an unsecured appearance bond in an amount specified by the committing magistrate or court[.]*

(Emphasis added). The State selected how Sorensen and Hawk were to appear and evidently felt a physical appearance was not necessary in order to set their bail. In practice, many defendants are released on bond without *physically* appearing before a magistrate or judge.

[¶ 23.] The 180–day rule was adopted to prevent delays, procrastinations, and dilatory practices. *State v. Hoffman*, 409 N.W.2d 373, 376 (S.D.1987) (Wuest, CJ, concurring specially). It would circumvent the purpose of the 180–day rule to treat defendants such as Sorensen and Hawk differently than those defendants released on bond who *physically* appear before a magistrate or judge. *See State v. Kordonowy*, 523 N.W.2d 556, 557 (S.D.1994) (stating that a construction of 23A–44–5.1 which allows the State unlimited time to file an information after a defendant makes a first appearance on a complaint would "effectively defeat the purpose of the 180 day rule, and cannot be accepted.").

[¶ 24.] It would also circumvent the purpose of the 180–day rule to allow prosecutors to manipulate the commencement of the 180–day period by altering filed documents. The bond agreements and waivers of extradition rights signed by Sorensen and Hawk are stamped filed September 30, 1997. The stamped dates on all are altered to November 17. No explanation is offered in the record for these alterations. In addition, the State cannot, on its own motion, dismiss the proceedings and indict simply for the purposes of avoiding the sanctions of the 180–day rule and

starting a new 180–day period. *State v. Tiedeman*, 433 N.W.2d 237, 240 (S.D.1988). Therefore, the State must establish a justifiable reason, constituting good cause, or the time will be counted. Here, the State failed to do so.

[¶ 25.] Sorensen and Hawk made constructive appearances before a judicial officer for purposes of the 180 day rule when they were released on bond and subjected to substantial conditions. The 180–day period began on September 29, 1997 and expired on March 28, 1998. Therefore, Sorensen and Hawk were not brought to trial within the time required by SDCL 23A–44–5.1.

[¶ 26.] By reversing the trial court's dismissal, the majority opinion condones the sloppy, careless procedure used by the State in this case. The majority opinion violates the letter and the spirit of the 180–day rule. This case involves exactly the situation the rule was intended to address. I fear that the majority opinion sends the absolute wrong message and will eventually result in the case we all dread— the major case where the procedures are so sloppy, it must be dismissed on the merits. We should draw a line in the sand now and not permit the State to cavalierly thumb its nose at the 180–day rule. *Now*, before it is too late. Therefore, we should affirm the dismissal with prejudice for violation of SDCL 23A–44–5.1.

[¶ 27.] AMUNDSON, Justice, joins this dissent.