1999 SD 86

**STATE of South Dakota, Plaintiff and Appellant,**

v.

**Christopher HETZEL, Defendant and Appellee.**

**No. 20591.**

Supreme Court of South Dakota.

Considered on Briefs on April 26, 1999.

Reassigned June 11, 1999.

Decided July 14, 1999.

Mark Barnett, Attorney General, John E. Haak, Assistant Attorney General, Sioux Falls, South Dakota, for plaintiff and appellant.

John P. Peterson of Johnson, Eklund, Nicholson,Peterson and Fox, Sioux Falls, South Dakota, for defendant and appellee.

GILBERTSON, Justice (on reassignment).

[¶ 1.] The trial court dismissed with prejudice the State's indictment of Christopher Hetzel due to an alleged violation of SDCL 23A–44–5.1 (180–day rule). State appeals and we reverse.

### FACTS

[¶ 2.] On September 27, 1997, Hetzel was arrested without a warrant on three uniform traffic tickets. He was taken to the Bon Homme county jail and held on a $1,000 cash bond. The tickets charged the offenses of ingestion of a controlled substance (SDCL 22–42–15),[1] possession of

---

1. SDCL 22–42–15 provides:

   Any person who intentionally ingests, inhales, breathes or otherwise takes into the

drug paraphernalia (SDCL 22–42A–3),[2] and possession of a controlled substance (SDCL 22–42–5).[3]

[¶ 3.] On September 28, Hetzel was released on bond subject to certain conditions by order of magistrate Roger J. Hisek. Apparently, he did not physically appear before the magistrate. He was ordered not to depart from the circuit or violate any laws or ordinances and to keep the court advised of his whereabouts at all times. He was also required to sign a waiver of extradition rights as a condition of his bond. He was told to appear in court on October 20.

[¶ 4.] Bon Homme County State's Attorney, Lisa Rothschadl, contacted the Attorney General's office for assistance with the drug prosecution. The Attorney General's office, through John Haak, recommended canceling the October 20 court date and instead presenting the case to the grand jury for indictment. Therefore, no formal complaint was filed. On November 4, the grand jury returned an indictment charging Hetzel with possession of a controlled substance. He appeared in court on November 18 for arraignment on the indictment. A trial was set for April 29, 1998.

[¶ 5.] On April 17, 1998, Hetzel filed a motion to dismiss pursuant to SDCL 23A–44–5.1. A hearing on the motion was held on April 21 and the trial court took the matter under advisement. After the hearing, but prior to the trial court's decision, State filed a motion for good cause delay. Hetzel objected to State's motion at a hearing held May 19.

[¶ 6.] The trial court found that the 180–day period of SDCL 23A–44–5.1 commenced on September 28, 1997 and expired on March 27, 1998. It dismissed with prejudice the indictment against Hetzel because the State failed to bring the matter to trial or otherwise dispose of the case before the period expired. It further found that the State had not established good cause for the delay. State appeals and raises the three issues, one of which is dispositive.

[¶ 7.] Whether the trial was scheduled within 180 days under SDCL 23A–44–5.1

## STANDARD OF REVIEW

▇ The trial court's findings of fact are reviewed under the clearly erroneous standard. *State v. Pellegrino*, 1998 SD 39, ¶ 23, 577 N.W.2d 590, 599 (citing *State v. Shilvock–Havird*, 472 N.W.2d 773, 776 (S.D.1991)). "However, we review the determination of whether the period has expired as well as what constitutes good cause for delay, under a de novo standard." *Pellegrino*, 1998 SD 39 at ¶ 23, 577 N.W.2d 590, 599 (1998) (citing *State v. Fowler*, 1996 SD 79, ¶ 10, 552 N.W.2d 391, 392 (citing *State v. Cooper*, 421 N.W.2d 67, 69 (S.D.1988))).

body any substance, except alcoholic beverages as defined in § 35–1–1, for purposes of becoming intoxicated, unless such substance is prescribed by a practitioner of the medical arts lawfully practicing within the scope of their practice, is guilty of a Class 1 misdemeanor.

2. SDCL 22–42A–3 provides:

No person, knowing the drug related nature of the object, may use or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale.

or otherwise introduce into the human body any controlled substance or marijuana in violation of this chapter. Any person who violates any provision of this section is guilty of a Class 2 misdemeanor.

3. SDCL 22–42–5 provides:

No person may knowingly possess a controlled drug or substance unless the substance was obtained directly or pursuant to a valid prescription or order from a practitioner, while acting in the course of the practitioner's professional practice or except as otherwise authorized by chapter 34–20B. A violation of this section is a Class 4 felony.

*State v. Sorensen, Hawk*, 1999 SD 84, ¶ 6, 597 N.W.2d 682, 682.

## ANALYSIS

### [¶ 8.] Whether the trial was scheduled within 180 days under SDCL 23A–44–5.1.

■ [¶ 9.] In this case the trial court found the 180–day period began to run on the date the prosecution "should" have filed a charging document. The court found this date to be September 29, 1997. Since trial for the matter was set for April 29, 1998, the trial court found a violation of the 180–day rule.

[¶ 10.] This issue was recently resolved in *Sorensen*, 1999 SD 84, 597 N.W.2d 682. In that case, we stated the trial court cannot tack on a new requirement to the 180–day rule. *Id.* at ¶ 14, 597 N.W.2d at 682.

> [T]he rule does not read, the 180–day period will commence when the prosecution *should have* filed the charging document. The rule provides two requirements relevant to the issue now before us for the 180–day period to commence: 1) the defendant appears on a charging document; and 2) before a judicial officer.

*Id.*

[¶ 11.] The defendant first appeared before a judicial officer on a charging document or the indictments on November 17, 1997, not September 29, 1997. The trial was scheduled to begin within 180 days of that date. Since the case was scheduled to go to trial within 180 days of the date he first appeared before a judicial officer on a charging document, there is no violation of SDCL 23A–44–5.1. We reverse and remand to the trial court for trial.

[¶ 12.] MILLER, Chief Justice and KONENKAMP, Justice, concur.

[¶ 13.] SABERS and AMUNDSON, Justices, dissent.

SABERS, Justice (dissenting).

### [¶ 14.] 1. HETZEL'S TRIAL WAS NOT SCHEDULED WITHIN 180 DAYS AFTER HIS FIRST APPEARANCE AS REQUIRED BY SDCL 23A–44–5.1.

[¶ 15.] The majority opinion claims that the 180–day period began on November 18, 1997, when Hetzel appeared for arraignment on the indictment. However, the trial court found that the 180–day period commenced on September 28, 1997, when he "appeared" before the county clerk of courts and was released on bond. I agree with the trial court. Therefore, I dissent.

[¶ 16.] On September 28, 1997, Hetzel was released from custody on bond and required to execute a waiver of his extradition rights. His release was subject to conditions, including that he remain in the First Judicial Circuit. As the trial court noted, Hetzel had charges "hanging over him" at that time. State claims that Hetzel did not "appear" before a judicial officer under SDCL 23A–44–5.1 on September 28 because he was not *physically* brought before the magistrate who released him on bond. Although Hetzel did not *physically* appear before the magistrate on September 28, he did appear before a judicial officer for the purposes of SDCL 23A–44–5.1 and the 180–day period commenced to run. State v. Cooper, 421 67, 69 (SD 1988) (computing 180–day period from date defendant arrested and magistrate set bond).

[¶ 17.] SDCL 23A–4–1 requires that "[a] law enforcement officer shall, without unnecessary delay, take the arrested person before the nearest available committing magistrate." SDCL 23A–4–1 further provides:

> If a person arrested without a warrant is brought before a committing magistrate, a complaint shall be filed forthwith. When a person, arrested with or without a warrant or given a summons, appears initially before a committing magistrate, the committing magistrate shall proceed in accordance with the ap-

plicable provisions of §§ 23A–4–2 to 23A–4–5, inclusive.

SDCL 23A–4–4 provides that the committing magistrate "admit the defendant to bail as provided by . . . chapter 23A–43." SDCL 23A–43–2 provides, in part:

> Except for a defendant charged with an offense punishable by death or a defendant who is currently released on personal recognizance bond, a defendant shall, *at his appearance* before a committing magistrate or court be ordered released pending trial on his personal recognizance or upon the execution of an unsecured appearance bond in an amount specified by the committing magistrate or court[.]

(Emphasis added). The State selected how Hetzel was to appear and evidently felt a physical appearance was not necessary in order to set his bail. In practice, many defendants are released on bond without *physically* appearing before a magistrate or judge.

[¶ 18.] Hetzel was arrested on three uniform traffic tickets. Printed on the top of all three tickets is the word "complaint." Each ticket states the offense or violation for which Hetzel was arrested. Using the information in the "complaint" (uniform traffic tickets), the magistrate determined Hetzel's bond and the conditions of his release. "[W]e have consistently computed [the 180–day period] from the date the defendant makes his very first court appearance on a charging document, regardless of the form that document takes." *State v. Kordonowy*, 523 N.W.2d 556, 557 (S.D.1994). Hetzel made a constructive appearance before a judicial officer for purposes of the 180–day rule when he was released on bond and subjected to substantial conditions. Therefore, 180–day period began on September 28, 1997 and expired on March 27, 1998.

[¶ 19.] The 180–day rule was adopted to prevent delays, procrastinations, and dilatory practices. *State v. Hoffman*, 409 N.W.2d 373, 376 (S.D.1987) (Wuest, CJ, concurring specially). It would circumvent the purpose of the 180–day rule to treat defendants such as Hetzel differently than those defendants released on bond who *physically* appear before a magistrate or judge. *See Kordonowy*, 523 N.W.2d at 557 (stating that a construction of 23A–44–5.1 which allows the State unlimited time to file an information after a defendant makes a first appearance on a complaint would "effectively defeat the purpose of the 180 day rule, and cannot be accepted").

[¶ 20.] It would also circumvent the purpose of the 180–day rule to allow prosecutors to manipulate the commencement of the 180–day period by altering filed documents. The three tickets on which Hetzel was arrested are stamped filed September 30, 1997. The stamped date on two of the tickets is crossed out and the date November 17 is substituted in blue ink. *See* Attachment A. The initials of the clerk of courts appear under the handwritten dates. The third ticket is not altered. The bond agreement and waiver of extradition rights are also stamped filed September 30, 1997. The stamped dates on both are altered to November 17. *See* Attachments B and C. No explanation is offered in the record for these alterations. In addition, the State cannot, on its own motion, dismiss the proceedings and indict simply for the purposes of avoiding the sanctions of the 180–day rule and starting a new 180–day period. *State v. Tiedeman*, 433 N.W.2d 237, 240 (S.D.1988). Therefore, the State must establish a justifiable reason, constituting good cause, or the time will be counted. Here, the State failed to do so.

[¶ 21.] The majority opinion claims that the trial court based its decision to dismiss on when the prosecution "should" have filed a charging document. I disagree. The trial court dismissed because Hetzel made an appearance before a judicial officer for the purposes of the 180–day rule on September 28, 1997 and he was not brought to trial within 180 days of that date. Therefore, I dissent because Hetzel was not brought to trial within the time required by SDCL 23A–44–5.1.

**[¶ 22.] 2. WHETHER THE 180–DAY RULE WAS TOLLED BYHET- ZEL'S MOTION AND REQUEST FOR DISCOVERYFILED ON NO- VEMBER 18, 1997.**

[¶ 23.] On November 18, 1997, Hetzel filed a motion and request for discovery. The State filed a reciprocal discovery motion on November 21 and indicated its compliance with Hetzel's discovery request. The State now argues that Hetzel's motion tolled the 180–day rule under SDCL 23A–44–5.1(4)(a). I disagree.

[¶ 24.] SDCL 23A–44–5.1(4)(a) provides:

(4) The following periods shall be excluded in computing the time for trial:

(a) The period of delay resulting from other proceedings concerning the defendant, including but not limited to an examination and hearing on competency and the period during which he is incompetent to stand trial; the time from filing until final disposition of pretrial motions of the defendant, including motions brought under § 23A–8–3; motions for a change of venue; and the time consumed in the trial of other charges against the defendant[.]

[¶ 25.] Hetzel's motion and request for discovery was never noticed for hearing before the trial court. The State provided the materials requested by Hetzel and there was nothing for the trial court to resolve. There was no delay caused by Hetzel's motion. Therefore, the 180–day rule was not tolled by Hetzel's motion and request for discovery.

**[¶ 26.] 3. WHETHER GOOD CAUSE EXISTED FOR THE DELAY.**

[¶ 27.] State filed a motion asking the trial court to find good cause for the delay under SDCL 23A–44–5.1(4)(f).[4] State did not ask for specific days to be excluded, but rather that "any period of time in excess of the 180 days should be excluded for good cause because the [trial court] invented a new rule at a time when it was impossible for the State to comply." The trial court denied State's motion finding that good cause for the delay was not established. I agree.

[¶ 28.] "The burden of showing good cause is on the prosecution." *Cooper,* 421 N.W.2d at 71 (citing *Hoffman,* 409 N.W.2d at 375). The State was not surprised, as it claims, by the application of a new rule. It was simply disappointed by the enforcement of the old rule. The trial court found that the State's confusion regarding when the 180–day period began running was a scheduling problem and did not constitute good cause for delay. This finding of fact is not clearly erroneous. Mere congestion of the court docket or scheduling errors do not establish good cause. *See Kordonowy,* 523 N.W.2d at 558. To hold otherwise would allow the State to take advantage of its own delay or mistakes.

[¶ 29.] Therefore, we should affirm the dismissal with prejudice for violation of SDCL 23A–44–5.1.

[¶ 30.] AMUNDSON, Justice, joins this dissent.

4. SDCL 23A–44–5.1(4)(f) provides: Other periods of delay not specifically enumerated herein, but only if the court finds that they are for good cause. A motion for good cause need not be made within the one hundred eighty day period.

ATTACHMENT A

200001

**UNIFORM TRAFFIC TICKET**

L'HOMME COMPLAINT

In Circuit Court
Magistrate Division

State of ... Dakota                    (Plaintiff)

Judicial Court
Uniform Summons and Complaint

vs.

HETZEL                    No. A 54076 HP
(Defendant)

THE UNDERSIGNED PEACE OFFICER COMPLAINS AND STATES THAT

| ON OR ABOUT | AT ON NEAR (LOCATION/MILE POST) | AT TIME |
|---|---|---|
| 4-27-97 | City of Tyndall SD. | 0700 A.M. P.M |

WITHIN THE COUNTY AND STATE AFORESAID

| NAME | | HEIGHT | SEX |
|---|---|---|---|
| Christopher Hetzel | | | |
| ADDRESS 301 N. Race | | WEIGHT | |
| CITY Tyndall SD. 5706C | STATE | BIRTH DATE 10-19-76 | |
| DRIVER'S LICENSE NO. 503941434 | | STATE SD. | |
| DID UNLAWFULLY | OPERATE PARK | VEHICLE MAKE | BODY STYLE |
| STATE LICENSE NO | | YEAR | STATE | FR Y N |

AND THEN AND THERE COMMIT FOLLOWING OFFENSE; TO WIT. PETTY OFF. ☐ MIS. ☐

DESCRIBE VIOLATION.

Ingestion of Controlled Sub.

| | CDL Y N |
| | C. VEH Y N H |
| | HAZ. MATERIALS Y N |

IN VIOLATION OF SDCL 22-42-15.

SPEEDING ☐ MUNICIPAL ☐ INTERSTATE ☐ OTHER

_____ M.P.H. IN _____ M.P.H. ZONE

| OFFICER ISSUING SUMMONS Vlasman | NO. 181 | CITY | COUNTY | STATE |

ABOVE COMPLAINT IS TRUE AS I VERILY BELIEVE OFFICER SIGN IN PRESENCE OF COURT OR NOTARY

DATE Nov 17 1997

SUBSCRIBED AND SWORN TO ME THIS DATE (NAME AND TITLE)

**SUMMONS and PROMISE TO APPEAR**

Defendant is ordered and does promise to appear in the above Court located in the city of _____

on ___ To Be Set ___ at _____ ☐ a.m. ☐ p.m.

X _____
Defendant's Signature

(Signing this form is a promise to appear - Not an admission of guilt Warrant may be issued.)

☐ Yes ☐ No    Court appearance required.

☐ Yes ☐ No    P.O.A. Amount $ _____

---

PCN _____

State of South Dakota

County of Bon Homme COMPLAINT 1st

In Circuit
Magistrate On

**UNIFORM TRAFFIC TICKET**

In Circuit
Magistrate On

State of South Dakota                    (Plaintiff)

Judicial
Uniform Summons and Co

vs.

HETZEL                    No. A 54073
(Defendant)

THE UNDERSIGNED PEACE OFFICER COMPLAINS AND STATES THAT

| ON OR ABOUT | AT OR NEAR (LOCATION/MILE POST) | AT TIME |
|---|---|---|
| 9-27-97 | City of Tyndall SD. | 0700 |

WITHIN THE COUNTY AND STATE AFORESAID

| NAME | | HEIGHT | SEX |
|---|---|---|---|
| Christopher Hetzel | | | |
| ADDRESS 301 N Race | | WEIGHT | |
| CITY Tyndall SD. 57066 | STATE | BIRTH DATE 10-19- | |
| DRIVER'S LICENSE NO. 503941434 | | STATE SD. | |
| DID UNLAWFULLY | OPERATE PARK | VEHICLE MAKE | BODY STYLE |
| STATE LICENSE NO. | | YEAR | STATE | FR |

AND THEN AND THERE COMMIT FOLLOWING OFFENSE    TO WIT. PETTY OFF ☐

DESCRIBE VIOLATION.

Poss. of Mara.

| | CDL Y N |
| | C, VEH. Y |
| | HAZ. MATERI |

IN VIOLATION OF SDCL 22-42A-3

SPEEDING ☐ MUNICIPAL ☐ INTERSTATE ☐ OTHER

_____ M.P.H. IN _____ M.F

| OFFICER ISSUING SUMMONS Vlasman | NO. 181 | CITY | COUNTY | S |

ABOVE COMPLAINT IS TRUE AS I VERILY BELIEVE OFFICER SIGN IN PRESENCE OF COURT OR NOTARY

DATE Nov 17

SUBSCRIBED AND SWORN TO ME THIS DATE (NAME AND TITLE) DATE

**SUMMONS and PROMISE TO APPEAR**

Defendant is ordered and does promise to appear in the a located in the city of _____

on ___ To Be Set ___ at _____

X _____
Defendant's Signature

(Signing this form is a promise to appear - Not an admis Warrant may be issued.)

☐ Yes ☐ No    Court appearance required.

☐ Yes ☐ No    P.O.A. Amount $ _____

SUPREME COURT
STATE OF SOUTH DAKOTA
FILED

JAN 21 1999

_____ Clerk

---

DON'T FILE UNTIL GRAND JURY INDICTMENT 11-17-97

**UNIFORM TRAFFIC TICKET**

PCN _____

State of South Dakota

County of Bon-Homme **COMPLAINT** , 5x

In Circuit Court
Magistrate Division

State of South Dakota _____(Plaintiff)_____

___ Judicial Court
Uniform Summons and Complaint

vs.

Hetzel _____ No. A 54072 HP
(Defendant)

THE UNDERSIGNED PEACE OFFICER COMPLAINS AND STATES THAT

| ON OR ABOUT | AT OR NEAR (LOCATION/MILE POST) | AT TIME | |
|---|---|---|---|
| 9-27-97 | City of Tyndall SD. | 0700 | A.M. P.M. |

WITHIN THE COUNTY AND STATE AFORESAID

| NAME | HEIGHT | SEX |
|---|---|---|
| Christopher Hetzel | | |

| ADDRESS | WEIGHT |
|---|---|
| 301 N. Race. | |

| CITY | STATE | BIRTH DATE |
|---|---|---|
| Tyndall SD. 57066 | | 10-19-76 |

| DRIVER'S LICENSE NO. | STATE |
|---|---|
| 503941434 | SD. |

| DID UNLAWFULLY | OPERATE | PARK | VEHICLE MAKE | BODY STYLE |
|---|---|---|---|---|
| | | | | |

| STATE LICENSE NO | YEAR | STATE | FR [Y] [N] |
|---|---|---|---|

AND THEN AND THERE COMMIT FOLLOWING OFFENSE: TO WIT: PETTY OFF. ☐ MIS. ☐

DESCRIBE VIOLATION:

Poss. of Controlled Sub.

CDL [Y] [N]

C. VEH. [Y] [N] [E]

HAZ. MATERIALS [Y] [N]

IN VIOLATION OF SDCL 22-42-5

SPEEDING
☐ MUNICIPAL
☐ INTERSTATE
☐ OTHER _____ M.P.H IN _____ M.P.H. ZONE

| OFFICER ISSUING SUMMONS | NO | CITY | COUNTY | STATE |
|---|---|---|---|---|
| Vlasman | 18c | | | |

ABOVE COMPLAINT IS TRUE AS I VERILY BELIEVE
OFFICER SIGN IN PRESENCE OF COURT OR NOTARY

Vlasman

DATE SEP 30 1997

SUBSCRIBED AND SWORN TO ME THIS DATE (NAME AND TITLE) | DATE

**SUMMONS and PROMISE TO APPEAR**

Defendant is ordered and does promise to appear in the above Court

located in the city of _____

on ____ To Be set ____ at ____ ☐ a.m. ☐ p.m.

X _____
Defendant's Signature

(Signing this form is a promise to appear - Not an admission of guilt.
Warrant may be issued )

☐ Yes ☐ No    Court appearance required.

☐ Yes ☐ No    P.O.A. Amount $ _____

Don't File until Grand

874

UJS 226 (10/79)

STATE OF SOUTH DAKOTA )
COUNTY OF *Bon Homme* ) SS

*15ᴸ* IN CIRCUIT COURT
_____ JUDICIAL COURT

STATE OF SOUTH DAKOTA, PLAINTIFF )
)
VS )
*Hetzel* _____, DEFENDANT )

PERSONAL RECOGNIZANCE ·
BOND & APPERANCE BOND

Nov 17

NON-SURETY: __X__ I, the undersigned Defendant, acknowledge that I and (my) _____

SURETY: _____ We, the undersigned, jointly and severally acknowledge that we _____

(am) (are) (jointly and severally) bound to pay to the County of *Bon Homme* the sum of $ *1000* ,
and there has been deposited with the Clerk of Court the sum of $_____ in cash² or _____³, a sum no
exceeding 10% of the amount of the bond.⁴

The conditions of this Bond are:
(1) That the Defendant, *Christopher Hetzel* , is to appear before *Judge Anderson*
(Judge) (Magistrate) of the _____ *1st* _____ Judicial Circuit at *Tyndall* , South Dakota, at the
*Bon Homme* County Courthouse on the _____ *20* _____ day of _____ *Oct* _____, 19 *97* , a
*9:30* .m., and in such other places as Defendant may be required to appear in accordance with any and a
orders and directions relating to the Defendant's appearance in the above-entitled matter as may be given or issued b
the Magistrate or the Circuit Court Judge of the _____ *1st* _____ Judicial Circuit or any other Circu
Court to which the Defendant may be removed, or the cause transferred;

(2) The Defendant is not to depart from the _____ *1st* _____ Judicial Court or the jurisdiction of any othe
Circuit Court in the State of South Dakota to which the Defendant may be removed or the cause transferred after he ha
appeared in such other Court pursuant to the terms of this Bond, except in accordance with the Orders or Warrants a
may be issued by the Magistrate or the Circuit Court Judge of the _____ *1st* _____ Judicial Circuit or
Circuit Court Judge of any other Judicial Circuit in South Dakota;

(3) That the Defendant is to abide by any judgment entered in any matter by surrendering himself to serve any senten
imposed and obeying any order or direction in connection with such judgment as the court imposing it may prescrib

(4) That the Defendant will not violate a state or federal law or municipal ordinance;

(5) That the Defendant will keep the court of (his) (her) attorney, if represented by counsel, advised of (his) (her) whereabou
at all times.

If the Defendant appears as ordered an otherwise obeys and performs the foregoing conditions of this Bond, then this Bo
is to be void. If the defendant fails to obey or perform any of the conditions, payment of the amount of this Bond shall be d
forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any Judge or Magistrate having cognizan
of the above-entitled matter at the time of such breach. If the Bond is forfeited and if the forfeiture is not set aside or remitt
judgment may be entered upon motion in such Court of this State against each debtor jointly and severally for the amo
above stated, together with interest and costs. Execution may be issued and payment secured as provided by the So
Dakota Code of Criminal Procedure and other laws of the State of South Dakota.

It is agreed and understood that this is a continuing Bond (including any proceeding on appeal or review) which s
continue in full force and effect until such time as the undersigned are duly exonerated.

FAILURE TO APPEAR AT THE TIMES REQUESTED MAY RESULT IN THE CONVICTION OF A CLASS FIVE FELON'
years imprisonment in the State Penitentiary and/or a fine of $5,000 may be imposed) IF THE FAILURE TO APPEAR OCCURF
IN A FELONY CASE. FAILURE TO APPEAR IN A MISDEMEANOR CASE MAY RESULT IN A PENALTY OF ONE YEAF
THE COUNTY JAIL OR $1,000 FINE OR BOTH.

This Bond is signed on this _____ *28* _____ day of _____ *Sept* , 19 *97* at *Tyndall* , South Dakota

X _____

1 Where no deposit is required delete the remainder of this paragraph
2 Where no sureties are required, indicate full amount of cash deposited with clerk
3 If a form of security other than cash is deposited, describe
4 If the amount ordered to be paid exceeds 10% of the bond, delete.

*DON'T ... E ... UNTIL GRAND JURY INDIC*

UJS 226

Name of Defendant _Christopher Michael Hetzel_ X _[signature]_ , Defendant

Address _301 N Race St Tyndall_

Name of Surety _____ _____ , Surety

Address _____

Name of Surety _____ _____ , Surety

Address _____

Based upon the above, it is ORDERED that the Defendant be released upon signing the agreement below.

_____ _[signature]_ _____
(Magistrate) (Circuit Judge)

### DEFENDANT'S AGREEMENT TO CONDITIONS OF BOND

I _Christopher Hetzel_ , understand the methods and conditions of my release which are specified above and the penalties and forfeitures applicable in the event I violate any condition or fail to appear as required.

I agree to comply fully with each of the imposed upon my release, and to notify the Court promptly in the event I change the address indicated below.

Dated this _28_ day of _Sept_ _____ 19___

X _[signature]_
Defendant's Signature

WITNESS: _[signature]_

Def. Name _Christopher Hetzel_
Address _301 N Race St_
_Tyndall SD 57066-0165_
Phone No. _(605) 689-3913_
S.D. Driver's License No. _50394/434_

Approved _____ , 19___ .

By _____
Title _____

### JUSTIFICATION OF SURETIES

I, the undersigned, under oath say that I reside at _____
and that my net worth is the sum of _____ Dollars ($_____)

I further say that:

_____
Surety

Sworn to and subscribed before me this _____ day of _____ , 19___

_____
(Notary Public) (Magistrate) (Circuit Court Judge)

I, the undersigned, under oath say that I reside at _____
and that my net worth is the sum of _____ Dollars ($_____)
I further say that:

_____
Surety

Sworn to and subscribed before me this _____ day of _____ , 19___

_____
(Notary Public) (Magistrate) (Circuit Court Judge

ATTACHMENT C

UJS 227

STATE OF SOUTH DAKOTA        )        IN _Circuit_____ COURT
COUNTY OF _Bon Homme_       )        ___1st____ JUDICIAL CIRCUIT
                            )
STATE OF SOUTH DAKOTA,      )
                            )
        Plaintiff,          )
                            )
v.                          )                WAIVER OF
_Christopher Hetzel_ ,      )              EXTRADITION RIGHTS
                            )                              1997
        Defendant.          )                           Nov 17

As a condition of the acceptance by the court of a(an) (appearance bond)
(personal recognizance bond) signed by the Defendant whereunder the Defendant
asks the court to approve and release said Defendant on (his) (her) own re-
cognizance and as (his) (her) own surety, the Defendant does hereby expresly
waive and forego any and all rights whatsoever that (he) (she) may have under
the provisions of the South Dakota Uniform Criminal Extradition Act, and acts
amendatory thereto, and under the provisions of any Tribal By-law or Ordinance
under which the Defendant may reside that pertains to or purports to give the
said Defendant any right or rights to apply to the Tribal Court for extradition
procedures from the jurisdiction of the said tribe to the jurisdiction of the
said State of South Dakota, and Defendant does hereby expressly affirm and
agree as follows:

   (1) to surrender (himself) (herself) to the sheriff of this County or to
   any of his authorized deputies, or to any law enforcement officer of the
   State of South Dakota, or to any authorized officer of the Bureau of
   Indian Affairs or to any Indian Tribe, for the purpose of securing the
   return of the Defendant to jurisdiction of the State of South Dakota;

   (2) that should it be necessary, for any reason, to arrest the Defendant,
   or otherwise take (him) (her) into physical custody to effect (his) (her)
   return to the jurisdiction of the State of South Dakota, the Defendant
   does hereby agree to hold harmless any such law enforcement officer or
   police officer exercising any power of arrest under this instrument.

The Defendant by signing this instrument hereby acknowledges (his) (her)
understanding of the terms of this instrument and acknowlesges (he) (she) has
executed the same for the purpose of securing (his) (her) release on (his)
(her) personal recognizance or on a bond with (himself) (herself) as the
sole surety or with others, to answer the charges contained in a criminal case
pending against (him) (her) in the above-entitled court.

Signed and dated at _Tyndall_____, South Dakota, this _28_ day
of _Sept_____, 1997.

                                    _____
                                    Defendant's Signature

WITNESS:
_____

