#27909-a-LSW
**2017 S.D. 24**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

* * * *

STATE OF SOUTH DAKOTA,                      Plaintiff and Appellee,

    v.

STEVEN R. DUNCAN,                      Defendant and Appellant.


* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
LINCOLN COUNTY, SOUTH DAKOTA

* * * *

THE HONORABLE JOHN SOGN
Judge

* * * *

MARTY J. JACKLEY
Attorney General

GRANT FLYNN
Assistant Attorney General
Pierre, South Dakota                      Attorneys for plaintiff
                                                    and appellee.


RACHEL R. RASMUSSEN of
Peterson, Stuart, Rumpca
  & Rasmussen, Prof. LLC
Beresford, South Dakota                      Attorneys for defendant
                                                    and appellant.

* * * *

CONSIDERED ON BRIEFS
APRIL 24, 2017
OPINION FILED 05/10/17

#27909

WILBUR, Justice

[¶1.]	Defendant appeals the circuit court's conclusion that the State did not violate the 180-day rule. We affirm.

## Background

[¶2.]	Law enforcement officers arrested Steven Ray Duncan in Lincoln County, South Dakota, and placed him in the Minnehaha County Jail on September 4, 2015, after he crashed his vehicle into the vehicle ahead of him at a stop sign. He was charged with vehicular battery, driving under the influence (DUI), driving under revocation, open container in a motor vehicle, and following too closely. On September 8, 2015, while Duncan remained in custody, the Lincoln County State's Attorney filed a formal complaint against him in circuit court alleging that he committed the above-listed offenses, which included one felony and five misdemeanors. The circuit court, in Duncan's absence, reviewed the complaint and accompanying traffic citations. The court issued a determination that probable cause supported his arrest and detention. The court also set his bond for release at $5,000 cash. Duncan did not post bond.

[¶3.]	On September 12, 2015, a Lincoln County grand jury indicted Duncan on one count of vehicular battery, alternate counts of DUI, and one count of driving under revocation. The State filed a part II information to enhance the DUI charge from a class 1 misdemeanor to a class 4 felony, alleging that he had five prior DUI convictions. Duncan remained in custody.

[¶4.]	On October 5, 2015, Duncan first appeared before the circuit court for his arraignment on the indictment. The court advised him of his constitutional

-1-

rights, amended his bond, entered a scheduling order, and set an initial trial date for December 9, 2015. The State requested and received three continuances. Duncan never waived his right under SDCL 23A-44-5.1 to be brought to trial within 180 days. On March 3, 2016, the court entered an order for the trial to start March 15, 2016.

[¶5.] Prior to the start of trial on March 15, Duncan moved to dismiss the charges against him for the State's failure to bring him to trial within 180 days. He argued that although he did not appear before the circuit court on September 8, 2015, he *constructively* appeared when the circuit court conducted a paper review of his case and set bond for his release. Counsel claimed that Duncan operated under the belief that 180 days began on September 8, 2015. The circuit court took the matter under advisement, indicating however that "at this time" it would deny his motion to dismiss.

[¶6.] At the conclusion of the trial, Duncan again moved the circuit court to dismiss the charges based on the State's violation of the 180-day rule. He conceded that he did not appear before a judicial officer on the complaint against him. But he argued that based on certain rules governing a defendant's right to be brought before a committing magistrate and a right to a preliminary hearing, his *constructive* appearance constituted his first appearance before a judicial officer for purposes of the 180-day rule. In particular, he emphasized that he had a right to be brought before a committing magistrate within 48 hours of his arrest under SDCL 23A-4-1 (Rule 5(a)). He then referred the court to SDCL 23A-4-3 (Rule 5(c)), which provides that the committing magistrate shall inform the defendant (charged with a

felony) of certain rights, including the right to a preliminary hearing. Based on the language of these statutes, counsel for Duncan argued that the State cannot "have it both ways." The State cannot claim that his first appearance was October 5 for purposes of the 180-day rule while at the same time argue that his initial appearance was September 8 for purposes of calculating the date of his right to a preliminary hearing.

[¶7.] The circuit court again denied Duncan's motion to dismiss. The court said that the 180-day rule and his right to a preliminary hearing were separate and independent issues. The court concluded that under the plain language of SDCL 23A-44-5.1, 180 days did not begin to run until the date Duncan first appeared before a judicial officer. It was undisputed that he first appeared before a judicial officer on October 5, 2015. So the court held that the State did not violate the 180-day rule. On the issue of Duncan's right to be brought before a committing magistrate and right to a preliminary hearing, the court also denied his motion to dismiss.

[¶8.] The jury found Duncan not guilty of vehicular battery and guilty of DUI and following too closely. In a subsequent trial on the part II information, the jury found that he was the same person convicted of DUI on five prior occasions. The court sentenced Duncan to ten years in the penitentiary for the sixth-offense DUI.

[¶9.] Duncan appeals, asserting that the circuit court erred when it denied his motion to dismiss for the State's violation of the 180-day rule in SDCL 23A-44-5.1.

## Standard of Review

[¶10.]     Although we review a court's findings of fact for clear error, we review de novo whether the State violated the 180-day rule.  *State v. Seaboy*, 2007 S.D. 24, ¶ 6, 729 N.W.2d 370, 372.

## Analysis

[¶11.]     Duncan asks this Court to reexamine its decisions in *State v. Sorensen*, 1999 S.D. 84, 597 N.W.2d 682, and *State v. Hetzel*, 1999 S.D. 86, 598 N.W.2d 867.  In those cases, we held that a defendant's first appearance for purposes of the 180-day rule occurs when a defendant first appears before a judicial officer.  *Hetzel*, 1999 S.D. 86, ¶¶ 10-11, 598 N.W.2d at 869; *Sorensen*, 1999 S.D. 84, ¶¶ 14-15, 597 N.W.2d at 684.  Both decisions were split, and the dissenting opinions argued that a defendant's first appearance occurs when a defendant *constructively* appears before a judicial officer.  Duncan asks this Court to adopt the view that a constructive appearance constitutes a first appearance under SDCL 23A-44-5.1 so that clarity can exist as to when the 180-day period commences.  Duncan also argues that such interpretation will eliminate the opportunity for the State "to delay filing a formal charging document to extend the 180-day rule."

[¶12.]     The language of SDCL 23A-44-5.1 is clear and unambiguous, and *Sorensen* and *Hetzel* provide sufficient clarity as to what constitutes a first appearance under SDCL 23A-44-5.1.  A defendant must appear before a judicial officer before the 180-day period commences.  Neither *Sorensen* nor *Hetzel* adopted any exceptions to that interpretation.  Here, Duncan did not appear before a judicial

officer until October 5, 2015. The circuit court did not err when it held that the 180-day period commenced on October 5, 2015.

[¶13.]    Duncan, however, alternatively claims that the circumstances of this case are distinguishable from *Sorensen* and *Hetzel*. He emphasizes that he was in custody for 32 days before being brought before a judicial officer, unlike Sorensen and Hetzel who were released on bond. Duncan also directs this Court to the fact that the State filed a formal charging document against him on September 8, in contrast to no formal charging documents being filed in *Sorensen* and *Hetzel*.

[¶14.]    In *Sorensen*, both defendants were arrested without warrants. A lay magistrate judge set bond in the defendants' absences and signed orders releasing both on bond. 1999 S.D. 84, ¶¶ 2-3, 597 N.W.2d at 683. The State did not file a criminal complaint against either defendant. Over one month later, a grand jury indicted both defendants, and they personally appeared before a judicial officer on the indictments. We recognized that the 180-day rule "creates a right to disposition of a criminal case within 180 days unless good cause may be shown for delay." *Id.* ¶ 12. We also noted that "[t]he 180-day rule is a procedural rule of court and not a constitutional requirement." *Id.* There are two requirements "for the 180-day period to commence: 1) the defendant appears on a charging document; and 2) before a judicial officer." *Id.* ¶ 14. Because the rule is unambiguous and provides that the 180-day period commences when a defendant makes a *first appearance on a charging document before a judicial officer*, we held that the 180-day rule commenced when the defendants appeared before the judicial officer on the indictments. *Id.* ¶ 15.

[¶15.]     Similarly, in *Hetzel*, the defendant was arrested and detained on bond. 1999 S.D. 86, ¶ 2, 598 N.W.2d at 867. The next day, Hetzel was released on bond but did not appear before a judicial officer. The State never filed a formal complaint. Instead, a grand jury indicted Hetzel, and Hetzel appeared before a judicial officer on the indictment. *Id.* ¶ 4. We referred to *Sorensen* and held that the 180-day period commenced when Hetzel appeared before a judicial officer on the indictment and not when the State *should have* filed a complaint. *Id.* ¶ 11.

[¶16.]     Here, neither the fact the State filed a formal charging document against Duncan nor that Duncan remained in custody for 32 days prior to appearing before a judicial officer requires a different interpretation of SDCL 23A-44-5.1. As we said in *Sorensen*, "[t]he 180-day rule is a procedural rule of court and not a constitutional requirement." 1999 S.D. 84, ¶ 12, 597 N.W.2d at 684. It has two requirements before the time period commences: "1) the defendant appears on a charging document; and 2) before a judicial officer." *Id.* ¶ 14.

[¶17.]     Yes, the State's complaint filed on September 8, 2015, qualifies as a charging document. But Duncan did not appear before a judicial officer on that charging document. He appeared before a judicial officer on the indictment on October 5, 2015. Therefore, the circuit court did not err when it denied Duncan's motion to dismiss.

[¶18.]     Affirmed.

[¶19.]     GILBERTSON, Chief Justice, and ZINTER, SEVERSON, and KERN, Justices, concur.